JUDGE DUVALL
delivered the opinion or the court:
The rule which prohibits the creation of perpetuities, either by deed or will, requires that the limitation shall be such as that it must take effect within twenty-one years after a life or lives in being, and the usual period of gestation.
Tested by this well established rule, the provisions of the deed and of 'the wall under which the appellant claims his right *132 to future freedom, are obviously void. According to the terms of the deed, Martha was to be free at the age of twenty-five years, and her children were to be slaves until they arrived at the like age of twenty-five, when they and their increase to the latest generation also were to be free. Martha, who is the mother of the appellant, was only five years of age at the date of the deed, and her son was not born until after the death of the grantor. If Martha had died within a year after the birth of Ludwig, it is perfectly clear that the right of the latter to his freedom, as limited by the deed, could not have vested within the prescribed period, but could only have vested after the lapse of more than twenty-one years and nine months from the death of the mother.
The circumstance that subsequent events have so transpired that the right to freedom devised by the will, will vest within the prescribed period, does not affect the operation of the rule, or obviate or cure the defect in the limitation. The rule is, as applied to a deed like the present, in which the grant is good in part, and void for remoteness as to the residue, not that the limitation may take effect, but that it must certainly, and beyond every contingency, take effect within twenty-one years and nine months after a life or lives in being at the time of its creation; otherwise the limitation must be held void for remoteness.
In this view of the case, it is unnecessary to refer to other objections which might probably be urged to the-validity of the deed and will, so far as they relate to the right in question.
The judgment is affirmed.