REBECCA MORGAN, ET AL., *v.* WILLIAM DENNY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—346.]

Will—Construction of Will.

Where a bequest reads "to my son-in-law  *  *  *  and my daugh-ter Ann Mariah Denny" certain real estate "to be theirs during the natural life of my daughter  *  *  *  and so long thereafter as there may be a living heir or heirs of her body  *  *  * ; and in the event at any time of the failure or extinction of an heir or heirs  *  *  * then and in that case all right and title, as well as the possession of, in and to said 490 acres of land, shall revert and descend to and in-vest in my son James A. Morgan, and his heirs," it is held that the daughter took a life estate jointly with her husband and after her death it gave him a life estate subject to determination by the failure of issue of the body of the wife in his life time, with remainder in fee simple to the heirs of the body of said daughter of the testator.

APPEAL FROM MADISON COURT OF COMMON PLEAS.

October 26, 1880.

OPINION BY JUDGE HARGIS:

This action was brought to construe the third clause of the will of Robert N. Morgan, which is as follows, viz.:

"I do hereby will and bequeath to my son-in-law, Wm. K. Denny, and my daughter, Ann Mariah Denny, my tract of land near Kirks-ville, containing, at present, 490 acres to be theirs during the nat-ural life of my daughter, Ann Mariah Denny, and so long thereafter as there may be a living heir or heirs of her body. The tract of land bequeathed as above shall remain in the possession and control of the said Wm. K. Denny, but the right and title of said 490 acres shall never pass or vest in any other person or persons beside such

·lineal offspring of my daughter, Ann Mariah Denny; and in the event at any time of the failure or extinction of an heir or heirs (I mean an heir or heirs of the body of my daughter, Ann Mariah Denny) then and in that case all right and title, as well as the possession of, in and to said 490 acres of land shall revert and descend to and invest in my son, James A. Morgan, and his heirs."

The devise over to the testator's son, James A. Morgan, and his heirs after the failure of issue and extinction of lineal offspring of his daughter, Ann Mariah Denny, is violative of the rule of law forbidding perpetuities. *Moore v. Howe,* 1 T. B. Mon. 201; *Ludwig v. Combs,* 1 Met. 128; *Attorney General v. Wallace,* 7 B. Mon. 611.

Under this clause of the will the daughter, Ann Mariah Denny, took a life estate jointly with her husband, Wm. K. Denny, and after her death it gave him a life estate subject to determination by the failure of issue of the body of Ann Mariah Denny in his lifetime, with remainder in fee simple to the heirs of the body of said Ann Mariah Denny.

The judgment is therefore *affirmed.*

*Travis Morse, for appellants.   Chenault & Bennett, for appellees.*