CASE 76—ACTION TO RECOVER USURY PAID—APRIL 26.

# Ellis v. Winlock and Others.

### APPEAL FROM BARREN CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. REVERSED.

USURY—CONVEYANCE WITH RIGHT TO REDEEM—SALE BY CREDITOR.

Held:  Plaintiff, to secure the repayment of borrowed money, exe-
cuted a deed conveying land to defendant upon an agreement
by defendant to permit plaintiff to redeem upon the payment of
a fixed sum at a date named. Before the arrival of the time
fixed, plaintiff, for a valuable consideration, assigned to P. his
right to redeem. Defendant refused to permit plaintiff to re-
deem, but afterwards sold him the property for a sum in ex-
cess of the redemption price. Held, that plaintiff, who agreed to
ratify the sale to P., is entitled to recover the amount received
by defendant in excess of the loan with legal interest.

GEO. T. DUFF FOR APPELLANT.

On July 20, 1895, appellant borrowed from appellee, $1,022.05,
and to secure its repayment conveyed to her the tract of land
described in the petition, stipulating by either a written or oral

Ellis v. Winlock and Others.

contract that if appellant paid her on the loan aforesaid, the sum of $1,137.05 by October 20, 1895, she would reconvey the land to him. Appellant was unable to pay the latter sum when it was due and the parties made another contract by writing, dated October 20, 1895, by which appellee agreed to extend the time of payment to October 20, 1896, provided appellant would then pay to her $1,305.27, and appellee would then reconvey the land. Appellant was unable to pay said last named sum when it became due, and appellee refused to accept less, although the sum contained $307.08 of usury, and on the 12th of October, 1896, appellant sold and transferred to appellee Parish for $150, his right to redeem said land. But upon the application of Parish to redeem the land, appellee Winlock refused to permit him to do so, without he would pay over and account to her for the usury aforesaid, but on the contrary sold said Parish said land for $1,800, and by her deed conveyed it to him.

The appellant claims that the whole of the $1,800 in excess of $1,022.05 with legal interest from July 20, 1895, is usurious and amounted to $702, including the $150 aforesaid, and appellant sues to recover said usurious sum, $702, less $150 he alleged appellee Parish was entitled to. These facts were set out in plaintiff's petition, to which petition a demurrer was sustained by the court and the petition dismissed, and the plaintiff has appealed.

It was contended in the court below that whatever rights appellant had, he sold and assigned to Parish, both his right to redeem the land and his claim for usury.

Our contention is that the deed from appellant to appellee was only a mortgage and all she was entitled to was her money repaid with legal interest, and as she got more than that she must account to the plaintiff for the excess less the $150 received by appellant from Parish.

## AUTHORITIES CITED.

As to conditional sale whereby more than legal interest is exacted. Shanks v. Kennedy, 1 Mar., 65; Butt v. Bondurant, 7 Mon., 423; Perkins v. Dry, 3 Dana, 173. When conditional sale is to be construed as a mortgage: Rawlings & Nathan v. Thompson etc., 6 Ky. Law Rep., 366; Alderson v. Cashly, 15 Law Rep., 589. As to when cause of action in usury accrues: Ellis v. Brannin, 11 Bush, 396.

Usury may be recovered when paid on property. Hammond v. Alexander, 1 Bibb, 333; Lindley v. Sharp, 7 Mon., 252.

As to assignment of claim for usury. Breckinridge v. Churchill, 3 J. J. Mar., 13. This case recognizes the doctrine

that the right to sue for usury is assignable. But under our present statute there is no claim till the usury is paid.

V. H. BAIRD, Attorney for appellee.

### POINTS CONSIDERED.

1 When an exhibit is filed with a petition, as the basis of the action, and is at variance with the petition the exhibit controls. Civil Code, sec. 126; 4 Monroe, 59; 4 Mon., 268; 14 B. M., 213; 1 Met., 430; 8 B. Mon., 61; 3 Met., 95; 2 Duvall, 161.

2. No cause of action is stated where the pleadings show, on their face, that the interest in the subject-matter has been transferred to another. 1 Met., 433.

3. If the exhibits filed show that the transaction was a sale, either complete or conditional, no cause of action is stated for the recovery of usury. Tygert v. Potter, 16 Rep., 809.

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

Appellant instituted this action in the Barren Circuit Court, seeking to recover of appellee usury alleged to have been paid her by him. The material facts alleged are that on July 20, 1895, appellant borrowed of appellee the sum of $1,022.05, and to secure her in its repayment appellant executed to appellee a deed for certain described real estate, with the contract and agreement that if, on or before October 20, 1895, he should pay her $1,137.05, the property was to be reconveyed; that, upon being unable to pay the required sum in October, 1895, it was further agreed that the time of redemption should be extended till October, 1896, when the redemption price should be $1,305.27. Appellant alleges that before the expiration of the time to redeem given under the last contract, which was in writing, he, fearing his inability to redeem, sold and assigned to one Parish his right to redeem under the contract, the consideration being $150 from Parish. It is alleged that appellee refused to permit Parish to redeem, but afterwards sold the property to Parish for the sum of $1,800. Appellant then claimed the

difference between the $1,022.05 and its legal interest from July 20, 1895, and the consideration paid by Parish, expressly agreeing to ratify and confirm the sale to Parish if this be given him. To this petition a demurrer was sustained, and, appellant, declining to plead further, his action was dismissed, and hence this appeal.

We are of opinion that the petition states a cause of action. The deed with a right of redemption is, in effect, a mortgage to secure the loan. When appellee accepted the deed, she became a mere trustee, holding the legal title as security for the debt, and was bound to convey upon the repayment to her of her loan and interest. She could sell the trust property, and convert the proceeds to her own use, except only as to the extent of satisfying her claim. As appellant and wife consented in writing to a deed to Parish, who yet is willing to ratify and confirm the sale, the title would pass to him; but the proceeds of the sale would go into the hands of appellee as trustee, impressed with the same trust as was the land. Appellee would be entitled to her loan, and interest on the excess would belong to appellant. This confessing the facts alleged in the petition to be true, as the demurrer does.

It is insisted that appellant assigned all his rights in the premises to Parish, and therefore had no interest. The assignment purports only to assign the right to redeem, and this right it is alleged the appellee refused to recognize. At the same time this assignment was executed, there could have been no assignment of usury, as none had been paid. There could have been no assignment of excess, as it was not contemplated there would be any excess over the redemption price agreed upon in the written contract. This assignment of redemption is only an

agreement that appellee might deed to Parish upon payment of the sum of $1,305.27 agreed upon. But this assignment was not recognized as to the amount by appellee. She demanded and received more, and, being a trustee, she should account for all she received. Being of opinion that the petition states a cause of action, the judgment dismissing same is reversed, and cause remanded, with directions to overrule the demurrer, and for proceedings consistent herewith.