## Coley et al. v. Hord et al.

. (Decided June 20, 1933.)

THOMAS D. THEOBALD, Jr., for appellants.

R. C. LITTLETON and WAUGH & HOWERTON for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This action was instituted under the Declaratory Judgment Act (section 639a-1 et seq., Civil Code of Practice) to determine the right of John F. Hord and others to exercise a written option which we shall hereafter consider.

On October 22, 1919, J. W. Hord and Edith Hord executed and delivered to Ed Coley a deed, conveying to him, with covenant of general warranty, a certain tract of land in Carter county, Ky., for the consideration of $500 cash and $500 to be paid twelve months after date, with a lien on the land to secure its payment. The land conveyed was described by metes and bounds in the deed. Pending the negotiations of sale,

it was agreed that J. W. Hord and his heirs should retain and have an option to purchase the land of Coley at any time either Coley or his heirs desired to sell it, and Hord and his heirs desired to purchase it, at the same price Coley was paying Hord, allowing Coley the value of any improvements made on it which might increase its value. By mutual mistake of the parties, this clause was·omitted from the deed. To make the deed conform to the real agreement between them, on the same day it was executed, delivered, and accepted by the parties, Coley executed, acknowledged, and delivered to Hord, a writing, reciting that by oversight this provision was omitted from the deed, and that he was executing it to correct the mutual mistake. He signed, acknowledged, and delivered the writing evidencing the correction, showing the option of Hord, which was accepted by Hord and placed on record in the clerk's office in which the deed was recorded. On March 18, 1929, Coley died, leaving surviving him Anna Coley, his widow, George, Dan, Helen, Charlotte, Anna Belle, Madge, Edith, Robert, and Junius Coley, his children and heirs at law. J. W. Hord departed this life, after the death of Ed Coley, and left surviving him Edith Hord, his widow, and John F. Hord, his son, his only heir at law. The facts were stipulated by the parties. Ed Coley was a colored man and had worked for J. W. Hord on his farm practically all of Coley's life. Hord owned 500 acres of land on which he resided, and, in order to provide Coley with a permanent home during his life where he could work for Hord, a deed containing the option was agreed to be executed and delivered by Hord and accepted by Coley. Coley continued to work on the farm of Hord, occupying the land conveyed to him as his home until his death. The ten acres conveyed to Coley was a part of the farm occupied by Hord and his family as their home. After the death of Ed Coley, his son, George Coley, borrowed $150 of W. H. Strother and executed a deed to him, which, is here agreed, was intended as a mortgage to secure the $150. This mortgage is not involved in the controversy and will not be further considered. J. W. Hord died testate, and by his will he devised his property of every description to his widow and son. They instituted this action against the widow and heirs of Ed Coley, asserting the election and right to enforce the option retained by J. W. Hord at the time he deeded

the land to Coley. The writings, evidencing the option, and the deed cover the same subject-matter and are between the same parties, and must be construed as one instrument. Luten Bridge Company v. Grant County, 206 Ky. 528, 267 S. W. 1082; Terrell v. Cheatham, 200 Ky. 667, 255 S. W. 262; Macpherson v. Bacon's Ex'r, 180 Ky. 773, 203 S. W. 744. The defense interposed is that the terms of the option are within the statute againts perpetuities as it is stated in section 2360, Ky. Statutes. To support this contention, Courts v. Courts' Guardian, 230 Ky. 141, 18 S. W. (2d) 957; Saffold v. Wright, 228 Ky. 594, 15 S. W. (2d) 456, and Carpenter v. Allen, 198 Ky. 252, 248 S. W. 523, are cited. It is argued that the option fails to fix the time within which it may be exercised, and it is therefore void for uncertainty as to time and manner of performance. It is also argued that it is repugnant to the grant and transcends public policy forbidding restrictions on the right of alienation. Hardy v. Galloway, 111 N. C. 519, 15 S. E. 890, 32 Am. St. Rep. 828, is cited in support of this argument. The option is in no sense a violation of the rule against perpetuities. It was susceptible of execution according to its own terms at any time Coley or his heirs desired to sell the land and Hord and his heirs desired to purchase it. This may have happened at any time and it did not constitute a limitation or condition forbidding the selling and conveying of the land for a longer period than the continuance of a life or lives in being at the time of its execution, and 21 years and 10 months thereafter. Fain v. Turner's Adm'r, 14 Ky. Law Rep. 478. In Ellis v. Winlock, 110 Ky. 676, 62 S. W. 495, 23 Ky. Law Rep. 60, a deed was executed by Ellis to Winlock, conveying to him certain real estate with a writing on the side wherein it was agreed, if, on or before a certain date, Ellis paid the agreed sum of money, the property was to be reconveyed to him, but, if he was unable to pay the required sum at the certain date, it was further agreed that Ellis should have the right to redeem the property for the stipulated amount. Ellis failed to make the payment within the time and as he agreed, and sold his right of option to Parish. It was held that the option was enforceable even in the hands of an assignee. Applying the rule in this case as it was applied in the Ellis Case, it and the reasons therefor control the present one.

The judgment of the circuit court is in harmony with these views. It is therefore affirmed.