## Maddox et al v. Keeler.

Jan. 25, 1944.

S. J. Stallings and Jack Q. Heath for appellants.

Lawrence .S. Grauman for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

The action was instituted under the Declaratory Judgment Act, Civil Code of Practice, Sections 639a—1 to 639a—12 inclusive, seeking a declaration of rights between the parties under a deed from their father and mother, R. H. Hoskins and Mary F. Hoskins, dated September 28, 1895, conveying a tract of land in Jefferson County to William Wheeler, who in turn devised the land to appellee upon his death, on April 25, 1936. The deed from Hoskins to Wheeler conveyed a fee simple title to the property in question, subject to the following condition: ''But this conveyance is on the condition that should the party of the Second part desire to sell or convey away said tract of land the said R. H. Hoskins is to have the option of becoming its purchaser on the condition that he give therefor the sum of one thousand dollars.'' Hoskins died intestate in the year 1903, survived by his widow, two sons, Robert Henry Hoskins and James Calvin Hoskins, and three daughters, appellant, Catherine H. Maddox, appellee, Bettie H. Keeler, and Mary Belle Chick. All of the heirs except appellant, Catherine H. Maddox, have executed a quitclaim deed to appellee, releasing any claim they might otherwise have had to the property as a result of the condition recited above. The petition alleges that, since the property came into her possession, appellee

has constructed a residence thereon at a cost of approximately Thirteen Thousand Dollars ($13,000). Learning that appellee proposed to sell the property, and improvements thereon, appellant tendered her One Thousand Dollars ($1,000) and demanded a deed to the property, which was refused. The demurrer to the petition was overruled, and appellant refusing to plead further, judgment was entered granting the relief sough by appellee. The Chancellor was of the opinion that the option to repurchase the property upon payment of the sum of One Thousand Dollars was personal to Hoskins, and expired upon his death, and additionally, that the clause recited above violated the law against perpetuities as set out in KRS 381.220, which recites: "The absolute power of alienation shall not be suspended, by any limitation or condition whatever, for a longer period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter."

Assuming, without deciding, that the option retained in the deed created a future equitable interest in the land, susceptible of inheritance, it is obvious that such interest is a limitation upon the power of absolute alienation, so long as it remains in existence. Gray's The Rule Against Perpetuities, Fourth Edition, p. 355, Section 323. Such interest, therefore, being the subject of inheritance, would remain a limitation upon the power of alienation until the owner of the property concluded to sell or convey the tract to another. Thus, the right to exercise the option could pass from generation to generation, until finally it might vest in one coming into being after the expiration of twenty-one years and ten months after a life or lives in being at the time of the creation of the estate.

The rule against perpetuities is not to be tested by actualities, but by possibilities. Thus, if it is at all possible for a person, not in existence twenty-one years and ten months after the expiration of a life or lives in being at the time of the creation of the estate, to fall heir to the equitable interest in the property limiting the absolute power of alienation, such limitation is void. Ludwig v. Combs, 58 Ky. 128, 1 Metc. 128; Coleman v. Coleman, 65 S. W. 832, 23 Ky. Law Rep. 1476; Brown v. Columbia Finance & Trust Co., 123 Ky. 775, 97 S. W. 421, 30 Ky. Law Rep. 110; May v. Walter's Ex'rs, 97 S. W.

423, 30 Ky. Law Rep. 59; United States Fidelity & Guaranty Co. v. Douglas' Trustee, 134 Ky. 374, 120 S. W. 328, 20 Ann. Cas. 993; Tyler et al. v. Fidelity & Columbia Trust Co., 158 Ky. 280, 164 S. W. 939; Fox et al. v. Burgher et al., 285 Ky. 470, 148 S. W. (2d) 342, and cases therein cited; Gray's The Rule Against Perpetuities, Fourth Edition, p. 207, Section 214; Foulke, Perpetuities, pp. 185 et seq. The clause under consideration specifies no limitation as to the time in which the option may be exercised, and if, as we have assumed for the purpose of this discussion, the right to exercise the option is such an equitable interest in real estate as will pass by descent to the heirs of the grantor, it is apparent, since the grantee and his heirs may not decide to sell or convey the property for an indefinite period of time, the limitation upon the power of alienation would extend indefinitely, which of course might be twenty-one years and ten months beyond a life or lives in being at the time of the creation of the estate. In Ludwig v. Combs, supra, the Court said: ''The rule is, as applied to a deed like the present, in which the grant is good in part, and void for remoteness as to the residue, not that the limitation may take effect, but that it must certainly, and beyond every contingency, take effect within twenty-one years and nine (now ten) months after a life or lives in being at the time of its creation; otherwise the limitation must be held void for remoteness.'' We are aware of the fact that the opinion in the case of Coley et al. v. Hord et al., 250 Ky. 250, 62 S. W. (2d) 792, seems to express a view contrary to the one recited above. The facts in that case were almost identical with the facts in this case, and it was held that the clause similar to the one involved herein did not violate the rule against perpetuities, because the right to exercise the option was susceptible of execution at any time the grantee desired to sell the land, and, since that may have happened during the continuance of a life in being at the time of the creation of the right, it was not a violation of the statute against perpetuities. The opinion stated that the decision was controlled by the opinion of this Court in the case of Ellis v. Winlock, 110 Ky. 676, 62 S. W. 495, 23 Ky. Law Rep. 60. We are of the opinion that the decision in Coley v. Hord, supra, was erroneous, and based upon an incorrect interpretation of the decision in Ellis v. Winlock, supra. That case did not deal in any wise with the rule against perpetuities. It merely involved

the right to recover usury, based upon the contention that a deed with the right of redemption was in effect a mortgage to secure a loan; that when the grantee accepted the deed, she became a mere trustee holding the legal title as security for the debt, and was bound to reconvey upon the repayment to her of the loan and interest; and that she had no right to sell the property and convert the proceeds to her own use, except to the extent of satisfying her claim. The right of redemption in that case was fixed at a time certain, which was fifteen months after the execution of the deed. The rule against perpetuities was not mentioned or discussed, nor was it even intimated that either of the parties was relying upon it. Indeed, it is impossible for us to discern any fact or circumstance in the case which would justify even a suggestion that the rule should be applied, because the limitation, if any there was, upon the power of alienation in that case extended for only fifteen months, and was necessarily within twenty-one years and ten months of the continuance of a life in being at the time of the execution of the deed. The other case relied upon, in Coley v. Hord, supra, and upon which the opinion was based, is Fain v. Turner's Adm'r, 14 Ky. Law Rep. 478. Here again the rule against perpetuities was in no wise. involved. That case deals with the Statute of Frauds, **not with the rule against** perpetuities. The rule in respect to the Statute of Frauds is that the statute does not apply unless there is a specific agreement for the contract not to be performed within a year; whereas, the rule against perpetuities applies if it is at all possible that the power of alienation may not be exercised within twenty-one years and ten months after the expiration of a life in being at the time of the creation of the limitation, irrespective of whether it may be exercised within such time. Thus, the very basis for the decision in Coley v. Hord, supra, was a misinterpretation of the holdings in the cases therein relied upon. The other cases above cited adhere to the rule as expressed in Ludwig v. Combs, supra. The decision in the Coley case, therefore, must be, and hereby is, overruled.

Since we are of the opinion that the clause granting to Hoskins the right to exercise the option to repurchase is violative of the rule against perpetuities, as expressed in KRS 381.220, it is unnecessary for us to determine whether the right of option purported to have

been granted by such clause is such an equitable interest in real estate as to be the subject of inheritance.

The judgment is affirmed.