# Campbell et al. v. Campbell et al.

June 9, 1950

Sam M. Ward, Judge.

Don A. Ward for appellants.

Napier & Napier, for appellees.

JUDGE REES—Reversing.

On November 2, 1939, the appellants, Cleveland Campbell and his wife, Dicy Campbell, executed a deed of conveyance for the land in controversy in this action to Charlotte Campbell. The deed is admittedly in the usual form except for this covenant: "It is further agreed by the parties that in the event the said Charlotte 'Campbell wants to sell this land at any time, the said Cleveland Campbell is to have the first preference on her offer." On March 4, 1944, Charlotte Campbell and her husband, Asberry Campbell, executed a deed to the property to the appellees Dial and Belle Williams for a consideration of $800. Soon thereafter Charlotte Campbell died, and on June 3, 1948, Cleveland Campbell and Dicy Campbell instituted this action in the Perry Circuit Court against Asberry Campbell, Dial Williams and Belle Williams, in which they relied upon the reservation in the deed from Cleveland Campbell and wife to Charlotte Campbell to recover the land, and they asked the court to require the defendants to execute to them a deed for the consideration of $800, which amount they tendered into court. During the four year period mentioned above, the Williamses constructed several buildings on the land in question which they valued at about $2,000. Asberry Campbell and the Williamses claim that the tract was offered to Cleveland and Dicy Campbell in accordance with the option, and that they refused the offer. Cleveland and Dicy Campbell claim that they were merely notified late on a Saturday afternoon that the property was going to be sold; that they said they wanted to purchase it, but could not get the money until the bank opened; and that on the following Tuesday they tendered the $800 to the appellees Dial Williams and Belle Williams.

On the appeal appellants brought up the record of the pleadings and their own depositions only. The appellees complain of this, and say that the appeal should be dismissed because appellants have not brought all of the record. However, the appellees filed a counter schedule below and brought up the remainder of the

record. The chancellor expressed the opinion that the contract or option right was personal to Cleveland Campbell, but he dismissed the petition because, in his opinion, this court had declared all clauses such as the one in question void as repugnant to the rule against perpetuities. He evidently was referring to the case of Maddox v. Keeler, 296 Ky. 440, 177 S. W. 2d 568, 162 A. L. R. 578, which does not control if the contract was a personal one. He made no finding of facts in regard to whether or not the land was offered to Cleveland Campbell before it was conveyed to the Williamses or whether the offer, if made, was accepted or rejected by Campbell.

The first question presented is the effect of appellants' act in bringing only a partial transcript of the evidence to this court. This is an insufficent ground on which to affirm the judgment for two reasons: (1) The omitted evidence was supplied by the appellees so that the entire record is now before this court; and (2) the chancellor did not make any finding of fact, and therefore there is no question before the court which requires an examination of the evidence.

The second and controlling question is this: Was the option personal to Cleveland Campbell or was it of such a nature as to be transmissible? The general rule recognized by the great majority of courts is that an option to purchase real property, unlimited as to the time for its exercise or extending beyond the period limited by the rule against perpetuities, violates such rule as well as the rule against restraints on alienation. In Restatement of the Law of Property, volume 4, section 394, the rule, subject to exceptions not material here, is stated as follows:

"* * * the reservation of an option to repurchase the whole or any part of the interest conveyed, made in favor of the conveyor, is invalid, because of the rule against perpetuities, when, under the language and circumstances of the reservation, such option

"(a) may continue for a period longer than the maximum period described in section 374 (the period limited by the rule against perpetuities); and

"(b) would create an interest in land, or in some unique thing other than land, but for the rule against perpetuities."

In practically all of the cases holding that the reservation of an option to repurchase made in favor of the grantor violates the rule against perpetuities and is invalid, the language of the reservation clearly extended the option beyond the life of the optionee. Usually the reservation of the option was to the optionee, his heirs and assigns. In Maddox v. Keeler, 296 Ky. 440, 177 S. W. 2d 568, 162 A. L. R. 578, the reservation of an option in favor of the grantor was similar to the reservation in the present case, but in that case the optionee had died and one of his heirs sought to exercise the option. If the option was personal to the grantor it died with him, but if it created a future equitable interest in the land susceptible of inheritance it violated the rule against perpetuities. In neither case could the heirs of the grantor exercise the option, and this was all that was decided in the Maddox case. In that case the court carefull refrained from deciding whether the option was transmissible, but in the opinion said: "Assuming, without deciding, that the option retained in the deed created a future equitable interest in the land, susceptible of inheritance, it is obvious that such interest is a limitation upon the power of absolute alienation, so long as it remains in existence."

There is little authority directly in point on the narrow question presented by this appeal. In Newton v. Newton, 11 R. I. 390, 23 Am. Rep. 476, the purchaser of real property gave the seller the right, within seven years, to purchase the conveyed property and other real estate for a stipulated sum. The optionee died four years later, and his administrator and heirs attempted to exercise the option. It was held that the option was personal to the optionee and unenforceable by his heirs. In H. J. Lewis Oyster Company v. West, 93 Conn. 518, 107 A. 138, 139, the purchaser of wharf property agreed not to sell it to any person other than the grantor without first offering it to the grantor at an agreed price. In the granting clause the grantor was referred to as "Henry J. Lewis, his heirs and assigns," but in the clause granting the option to repurchase the property the grantor was merely referred to as the "said Lewis." The contract was held not personal, the court construing the words "said Lewis" as referring to the antecedent phrase "Henry J. Lewis, his heirs and assigns." The inference from the opinion is that without the words

"heirs and assigns" the reservation of the option would have been construed as personal to the optionee. In Maynard v. Polhemus, 74 Cal. 141, 15 P. 451, Nicholas De Peyster conveyed a tract of land to one Cooper. The habendum clause of the deed contained this proviso: "With the sole provision that if the said Cooper should ever sell any of the aforesaid property, it shall be sold to the said De Peyster at the aforesaid price." Cooper died about ten years later without having sold any of the land, and many years after Cooper's death the then owners brought an action against a claimant under a deed from De Peyster to have their title quieted. It was held that the proviso in the deed was merely personal and not binding upon the heirs or assigns of Cooper. While the facts are somewhat different from the facts in the present case, an option to have land reconveyed to the grantor was held to be personal to the optionee in Dodd v. Rotterman, 330 Ill. 362, 161 N. E. 756. In the case before us there were two grantors in the deed, but the option to repurchase was given to only one of them and there was no mention of heirs or assigns. We think the option was personal to Cleveland Campbell, and therefore not violative of the rule against perpetuities or our statute against restraints on the right of alienation. KRS 381.220. The rule against perpetuities is not a rule of construction but a rule of property, yet if there are two possible constructions of an instrument, one which would render it valid and one which would render it invalid, preference will be accorded to the construction which will uphold it. Goodloe's Trustee & Administrator v. Goodloe, 292 Ky. 494, 166 S. W. 2d 836.

The appellees in their answer alleged that before the deed to the Williamses was executed, and with notice of the offer to the Williamses, the property in question was offered to Cleveland Campbell and Dicy Campbell and they refused to exercise the option contained in the deed to Charlotte Campbell. Estoppel was also pleaded in the answer. The affirmative allegations of the answer were traversed by reply, and depositions were taken. We do not consider the evidence since it was not considered by the chancellor. Upon return of the case the chancellor will make a finding of facts and enter judgment accordingly.

Judgment is reversed.