## BATES et al. v. BATES et al.

Court of Appeals of Kentucky.

Dec. 1, 1950.

As Modified on Denial of Rehearing
March 9, 1951.

Napier & Napier, C. W. Napier and C. W. Napier, Jr., Hazard, for appellants.

John Chris Cornett, Clark Pratt, Hindman, for appellees.

STANLEY, Commissioner.

In 1908 T. G. Bates conveyed a half acre of land to the trustees of a public school for the recited consideration of $15. The deed contained this provision: "T. G. Bates is to have the land at the same price when it ceases to be public property as school house property." Otherwise, a fee simple title was conveyed.

In 1910 T. G. Bates conveyed 500 acres to his sons W. J. Bates and J. W. Bates. It included the school lot. In 1925 T. G. Bates joined his two sons in conveying the 500 acres to C. B. Bates. No mention was made in either deed to the fact that the school lot had theretofore been conveyed out of the tract. About the year 1947 the half acre ceased to be used for public school purposes. J. W. and W. J. Bates gave notice to the Knott County Board of Education of their election to repurchase the school lot and tendered the recited consideration of $15. It was refused. The right to acquire the property was denied, and the Bateses sued to enforce the provision. The lot had been taken for a railroad right-of-way, and the railroad company and the construction company were made parties to the suit and damages for trespass were asked of them. The circuit court sustained a demurrer to the petition on the ground that whatever interest T. G. Bates had, "reversionary or otherwise," had been conveyed by his deeds.

The contention of the appellants, J. W. Bates and W. J. Bates of a right to repurchase the lot for $15 rests upon the idea that the provision was not a true reversion but a possibility of reverter, which is not alienable but is descendable. They sue as heirs of T. G. Bates.

We think the ruling was proper. We construe the option to have been personal to the grantor, T. G. Bates, and to have terminated with his death. But if it be regarded as unlimited as to the individual or to time for its exercise, as appellants argue, then the provision was void ab initio for it violated the rule against perpetuities or restraint on alienation. KRS 381.220; Maddox v. Keeler, 296 Ky. 440, 177 S.W.2d 568, 162 A.L.R. 578; Campbell v. Campbell, 313 Ky. 249, 230 S.W.2d 918.

The judgment is affirmed.