Richard ROEMHILD, Appellant,

v.

Dr. Grey JONES and Bull Sprig Hunting Club, Inc., Appellees.

No. 15628.

United States Court of Appeals.
Eighth Circuit.

Jan. 2, 1957.

John W. Moncrief, Stuttgart, Ark. (Virgil Roach Moncrief, Stuttgart, Ark., was with him on the brief), for appellant.

William M. Moorhead, Stuttgart, Ark. (Meehan & Moorhead, Stuttgart, Ark., and Donald E. Fahey, St. Louis, Mo., were with him on the brief), for appellees.

Before GARDNER, Chief Judge, and VOGEL and VAN OOSTERHOUT, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Plaintiff, Roemhild, commenced this action to enforce rights he claims under reservations contained in a deed which he delivered to defendant Jones. The deed reserves an option to repurchase and certain water rights. The defendants are Dr. Grey Jones and Bull Sprig Hunting Club, Inc., the present title holder of the land in controversy by virtue of a deed from Jones. After the issues were made up defendants moved for judgment upon the pleadings, asserting that the complaint fails to state a claim against defendants upon which relief can be granted. This motion was sustained, and judgment was entered dismissing the complaint. This appeal is from such judgment. Jurisdiction is based upon diversity of citizenship and the jurisdictional amount.

Motion for judgment on the pleadings is authorized by Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The standards to be applied in passing on motions for judgment on the pleadings are stated in Barron and Holtzoff, Federal Practice and Procedure, Vol. 1, section 359, pages 673–674, as follows:

"The policy of the courts is to dispose of law suits on their merits whenever possible rather than on motions for judgments on pleadings. Such a motion is proper only if no material issue of fact is presented by the pleadings. A judgment will not be rendered on the pleadings unless the right thereto is clear and should be given only if the merits can be determined in that manner."

With these standards in mind, we look to the pleadings filed by the parties.

Plaintiff in his complaint, as amended, states that in 1945 he conveyed to Jones by quitclaim deed the one-half section of land here in controversy. The deed is in the usual form except that after the granting clause the following reservations appear:

"* * * reserving the right, however, to use the water from the ditch bordering said land and which the grantee covenants to construct on the outside of a levee which [the] proposes to erect around portions of said tract of land.

"And further reserving the right to repurchase said land from the grantee if he should at any time offer the same for sale, at the same price and amount grantee is now paying for same, and the grantee by acceptance of this deed agrees to and binds himself to such reservation."

The deed was recorded in 1945. Plaintiff further alleges that the deed was delivered at the urgent insistence of Jones who as an inducement agreed to excavate a ditch on the land he was purchasing, which would provide water for irrigation of plaintiff's land; that Jones failed to excavate the ditch called for by the water reservation, thereby causing damage to the plaintiff; that Jones also bound himself to resell the land to plaintiff at the price which he had paid if he should at any time offer the real estate for sale; and that without notice to plaintiff and in violation of plaintiff's right to repurchase, Jones in 1951 sold and conveyed the real estate to Bull Sprig Hunting Club, Inc., said grantee having constructive notice of plaintiff's rights. Plaintiff tendered performance of his option to repurchase and demanded specific performance of his repurchase option, cancellation of the deed to Bull Sprig Hunting Club, Inc., and all other relief that is equitable and proper.

The defendants answered, raising various defenses, among them that the option to repurchase was void because it violated the rule against perpetuities and also because it placed an unreasonable restraint upon alienation of the land. As to the water rights proviso, defendants assert that they have constructed ditches and levees and have not denied plaintiff use of water, that they are under no obligation to construct the ditches as claimed by plaintiff, that the water proviso is too indefinite to enforce, that the contract reservation cannot be

varied by parol testimony, and that any rights of plaintiff under the water proviso are barred by laches and the statute of limitations. Defendants further assert that Jones originally acquired title as trustee for Bull Sprig Hunting Club, an unincorporated association, and that when said club was incorporated he merely transferred title from himself to the beneficial owner, the Bull Sprig Hunting Club, Inc., and that no sale was involved.

The judgment of dismissal does not disclose the reasons which led the trial court to believe the complaint did not state a cause of action. The trial court filed no opinion, and there is nothing in the record to indicate the basis upon which the trial court reached the conclusion that it did.

As heretofore stated, plaintiff's claims for relief are based upon the option and water provisos contained in his deed. The propriety of the judgment on the pleadings as to relief claimed under each of these provisos will be separately discussed.

■ We first consider the option proviso. Defendants contend that the option reservation is void because it violates the rule against perpetuities, and for the additional reason that it places an unreasonable restraint upon alienation. If the defendants are right upon either of these contentions, the plaintiff would be entitled to no relief under the option reservation. The option proviso reads, "reserving the right to repurchase said land from the grantee if he should at any time offer the same for sale, at the same price and amount grantee is now paying for same." The validity of this option must be determined by Arkansas law. The Arkansas court in construing deeds gives no preference to the granting clause over other parts of the deed, and reservations are given effect irrespective of their position in the deed. The instrument is construed in its entirety to ascertain the intention of the parties. Weatherly v. Purcell, 217 Ark. 908, 234 S.W.2d 32.

■ Perpetuities are forbidden by Article 2, Section 19, of the Arkansas Constitution. The common law rule against perpetuities, which prohibits the creation of future interests or estates which by possibility may not become vested within life or lives in being and 21 years thereafter, is followed in Arkansas. Hendriksen v. Cubage, Ark., 288 S.W.2d 608, 612. No Arkansas case has been found by either counsel or the court bearing on the question of whether the rule against perpetuities applies to an option to repurchase. Because of the view we take on the construction of the option, we deem it unnecessary to consider the conflicting decisions upon this issue in other jurisdictions.

■,■ The vital issue for determination is whether the option we are considering is personal and terminates upon the death of either the grantor or the grantee. Under its terms the option only arises if he (the grantee Jones) should offer the land for sale. It is no where stated that the option is available if the grantee, his heirs, or assigns offers it for sale. We find nothing to persuade us that the parties intended the option to continue beyond the lifetime of Jones. Jones could only offer the land for sale during his lifetime. We believe that the parties intended the option to expire upon the death of Jones. If we are right in this conclusion, it would follow that there has been no violation of the rule against perpetuities. However, we shall also consider the question of whether the option is personal so far as it pertains to the optionee, Roemhild. There is no language in the reservation stating that the option runs to the heirs or assignees of the optionee. The facts upon this issue are quite similar to the factual situation in Campbell v. Campbell, 313 Ky. 249, 230 S.W.2d 918. There, the proviso in the deed granting the option provided that if the grantee in the deed wanted to sell the land at any time the grantor was to have first preference. The Kentucky court, after considering and discussing a number of pertinent cases, concluded that the option granted was personal, and hence did not violate the rule against perpetuities. In Kershner v.

Hurlburt, Mo., 277 S.W.2d 619, the option provided that if first parties desired to sell they would give second parties the first right to purchase at the price paid for the property by the first parties. The court as a basis for its decision states, 277 S.W.2d at page 623:

"The instant contract, reasonably construed, does not violate the rule against perpetuities because the rights conferred by it are personal to the holders thereof and terminated at their death. * * * There is no specific provision that the contract shall be binding upon the heirs and assigns of the parties. Nor is there any indication in the contract that the parties intended that its terms would be binding beyond the lives of the parties. Thus, because the rights conferred by the contract were personal to the parties to it and did not extend beyond the periods of their respective lives, the instant contract does not violate the rule against perpetuities. * * *"

For other cases indicating that a similar option is personal to the optionee, see Newton v. Newton, 11 R.I. 390, 23 Am. Rep. 476; Dodd v. Rotterman, 330 Ill. 362, 161 N.E. 756; Maynard v. Polhemus, 74 Cal. 141, 15 P. 451; Lantis v. Cook, 342 Mich. 347, 69 N.W.2d 849; Note, 162 A.L.R. 581.

Defendants cite section 50–403, Arkansas Statutes, which provides:

"Estate of fee simple presumed. The term or word 'heirs,' or other words of inheritance, shall not be necessary to create or convey an estate in fee simple, but all deeds shall be construed to convey a complete estate of inheritance in fee simple, unless expressly limited by appropriate words in such deed."

Defendants contend that because of this statute the option we are considering should be presumed to be descendible to the heirs of the optionee.

We do not believe the foregoing statute affords any aid in construing the option before us. The cited statute is by its terms limited to fee simple estates. The interest of the optionee is not a fee simple interest. No Arkansas cases have been called to our attention which would indicate that the statute relied upon has any applicability to the construction of an option. We are of the view that the option reservation on its face indicates that the option granted is a personal right, and that it expires no later than the death of the original parties to the option agreement. However, even if it were to be conceded that the option agreement is ambiguous, the same result would follow. In Campbell v. Campbell, supra, 230 S.W.2d at page 921, it is said:

" * * * The rule against perpetuities is not a rule of construction but a rule of property, yet if there are two possible constructions of an instrument, one which would render it valid and one which would render it invalid, preference will be accorded to the construction which will uphold it. * * *"

See also 41 Am.Jur., section 12, p. 658.

We are of the opinion that there is reasonable basis for believing that the option here granted was personal and did not extend beyond the parties to the option, and that consequently it can not be said as a matter of law that the rule against perpetuities has been violated.

The question of whether the option violates the rule against unreasonable restraints upon alienation is a rather close one. Unlimited restraints upon alienation are void. Some courts hold that restraints upon alienation even for a limited time are void. Other courts take the view that a grantee may be restrained from aliening land for a limited time, provided such restraint is reasonable and does not offend the rule against perpetuities. In 73 C.J.S., Property, § 13(b), pages 195–196, it is stated:

" * * * In many jurisdictions restraints on alienation are not invalid as against public policy if they are reasonable although they will not be upheld unless they serve a legal and useful purpose, or unless

positive law or public policy demands it.

"Where restraints are not ipso facto void, whether a substantial restraint on alienation is valid depends on the particular circumstances; and the public policy against restraints on alienation may be relaxed where the circumstances convince the court that it is a reasonable means of accomplishing a purpose recognized as proper * * *."

See also 41 Am.Jur., Perpetuities, sections 71 and 76.

Arkansas' position on the question of whether reasonable restraints upon alienation will be permitted is not too clearly indicated. However, Fleming v. Blount, 202 Ark. 507, 151 S.W.2d 88, would tend to indicate that Arkansas leans at least toward permitting restraints upon alienation for a limited time for reasonable purposes. In that case the will was dated in 1919. It purported to give each of the testator's three children one-third of the estate. It contained provisions prohibiting division or sale of real estate before 1950— a period of 11 years subsequent to testator's death. The court concluded that, while the gifts to the children each standing alone would be sufficient to give them fee simple title, nevertheless the will read as a whole indicated that testator did not intend to pass fee simple title. As stated by appellee, the court's determination that the children did not have fee simple title would prevent the application of the rule against restraints upon alienation. However, the court does say, 151 S.W.2d at page 92:

"The provisions of the will that the estate shall not be divided or sold until 1950 does not violate the rule against perpetuities, and is not contrary to any law or any public policy, and we conceive no reason why it should not be upheld as valid. Such provisions in wills are quite common, and are uniformly enforced. The restriction against sale or partition is limited to the period of only eleven years, and is confined

to persons all in being, and we think the limitation was one not beyond the power of the testator to impose. * * * *"

 The rule against restraints upon alienation is based largely upon public policy. We believe the foregoing statement of the Arkansas court is of some significance in reflecting what the public policy of Arkansas is with reference to restraints upon alienation.

 If Arkansas permits reasonable restraints upon alienation, the parties should be permitted to develop evidence bearing upon the issues of the reasonableness of the restraint and whether the restraint was for a legitimate and reasonable purpose.

 We have frequently applied the rule that on doubtful questions of local law we will not adopt a view contrary to that of the trial court unless convinced of error. We do not consider this rule applicable here as we have no means of knowing what considerations induced the trial court to grant the dismissal or the specific grounds upon which the dismissal was based. We are inclined to think that the court erred in granting judgment on the pleadings as to the claims based upon the repurchase option, and we so hold. However, since we have no means of knowing what, if any, consideration the court gave to the issues raised in the briefs in this case, our determination shall be without prejudice to the right of the trial court to determine and apply the Arkansas law pertaining to the rule against perpetuities and restraints upon alienation.

We now pass to consideration of the relief based upon the water proviso which reads, "reserving the right, however, to use the water from the ditch bordering said land and which the grantee covenants to construct on the outside of a levee which [the] proposes to erect around portions of said tract of land."

 Plaintiff's claims for relief, based upon the above-quoted reservation, are considerably broader than the right granted. However, plaintiff has demand-

ed such relief as he may be entitled to and, if he is entitled to any relief under the water reservation, judgment on the pleadings should not have been granted. The defendant Jones in the water reservation definitely agreed to construct a ditch and permit plaintiff to use water therefrom. Whether such a ditch has been constructed is in dispute under the pleadings. Jones also denies any obligation to construct the ditch. We are satisfied that fact questions are presented on issues arising out of the water proviso. We also believe that the defense that the water right claims are barred by laches and the statute of limitations presents fact questions. No time limit for the ditch construction is fixed in the reservation. Hence, the obligation if any in this respect would be to construct the ditch within a reasonable time. What is a reasonable time is ordinarily a fact question.

The court erred in rendering judgment of dismissal upon the pleadings.

Judgment reversed and the case remanded to the trial court for a trial on the merits.