**Magadelina HERZOG et al., Appellants,**

**v.**

**Chris MATTERN, Appellee.**

**No. 7368.**

Court of Civil Appeals of Texas.

Texarkana.

June 26, 1962.

Rehearing Denied July 17, 1962.

Gerald J. Creighton, Jr., Darden, Fowler & Creighton, A. K. Stewart, Conroe, Jesse J. Lee, Williams, Lee & Lee, Houston, for appellants.

Joe J. Newman, Houston, W. E. Barron, Navasota, for appellee.

FANNING, Justice.

Appellants brought suit to construe the will jointly executed by Paul and Monika Mattern and to quiet title to the realty devised to them.

Paul and Monika Mattern executed the duly probated joint will whereunder Mrs. Mattern, the survivor, took their estate and the property remaining passed at her death to their children. Their daughter Marie was devised 20 acres not here involved.

Then follows paragraph II which reads as follows:

"The remainder of all our real estate, wherever located or situated, which we may die seized and possessed of we give and bequeath to our beloved children, Chris Mattern, Jack J. Mattern, Magadelina Herzog, Paul J. Mattern, Barbara Mock, Reginia Gostslig, Johnnie Mattern, Agnes Pustka and Monika Mattern, to share and share alike in the division thereof; however, this bequest is made to our said named children with the provision that our son Chris Mattern shall have the right to purchase from each of the other children their interest in said real estate for the sum of $45.00 per acre, and in making such purchase from said other children our said son Chris Mattern shall be entitled to deduct from the price of $45.00 per acre such sums of money as he may have advanced to us during our lifetimes."

After Mrs. Mattern's death and the probation of the will, three of the children conveyed their interests to appellee. But the five appellant children, refusing to convey, although requested to convey by appellee, brought this suit to relieve their title of appellee's claim that he had the right under the will to purchase their interests at $45.00 per acre.

Appellants contended that the above quoted provision of the will was invalid. Appellee contended that it was valid and also pleaded in detail various items of expense consisting of monies expended by Chris Mattern on behalf of his deceased parents, including among other items, a $1,094.15 funeral bill for his mother, certain medical fees paid for his parents, and other listed items with all items aggregating $2,237.82. Appellee also moved the trial court to consolidate the suit for declaratory judgment and will construction case with a pending suit between the parties for the partition of the estate of Paul and Monika Mattern.

Appellants and appellee each filed motions for summary judgment, supported by affidavits. The trial court denied appellants' motion for summary judgment.

The proof showed that appellee Mattern tendered the sum of $45.00 per acre for the purchase of the interests of appellants in the land devised to appellants, and that appellants refused to convey their interests to Mattern.

The trial court in its judgment found that the provision of the will in question devised to and vested in each of the children named therein, the fee simple title to all the property devised in said provision, subject however to the right of Chris Mattern to purchase said property at the stipulated sum of $45.00 per acre, and as to this feature of the case, the defendant-appellee's motion for summary judgment was granted. Appellants have appealed.

Appellants on appeal present two points wherein they contend to the effect that the provision in the will which attempted to give appellee the right, unlimited as to time, to purchase the realty devised to appellants, at $45.00 per acre, was invalid and in violation of the rule against perpetuities.

■ In the construction of a will, the intent of the testator should be declared, *and if legal,* it should be enforced. Pritchett et al. v. Badgett, Tex.Civ.App., 257 S.W.2d 776, writ refused.

■ If it does not clearly appear from the language of a will that a lesser estate was intended to be created, a devise will be deemed to be one in fee simple. Art. 1291, Vernon's Ann.Civ.St.; Frame v. Whitaker, 120 Tex. 53, 36 S.W.2d 149.

In Seay v. Cockrell, 102 Tex. 280, 115 S. W. 1160, it is said in substance that in the will there considered a fee simple estate was conveyed and a provision that the devisee should not sell was clearly void.

In Frame v. Whitaker, Tex.Com.App., 120 Tex. 53, 36 S.W.2d 149, the clause in the will was as follows:

"I give, devise and bequeath to my wife, Mrs. S. S. Frame, my farm lo-

cated in Bexar County, Texas, and consisting of about 331 acres located on the Medina River and known as a part of the old Stanfield Farm to be used by her during the term of her natural life, but she shall not sell or dispose of the same in any way during her life time, provided however that she may dispose of the same by will to whom-so-ever she may desire. * * *"

It was held Mrs. Frame received a fee simple title. In the course of the opinion in Frame v. Whitaker, supra, it was stated:

"We hold simply that in this case, when the will is viewed and considered from every angle, it indicates the purpose and intent on the testator's part to devise the land to his wife, and then restrict her right of alienation, and that such clause of restriction is void."

This opinion was expressly adopted by the Supreme Court.

The case of Pritchett v. Badgett, Tex. Civ.App., 257 S.W.2d 776, writ refused, holds that where a testator devised lands to his son in fee simple, a provision of the will that the son could not sell or encumber the land for 20 years unless joined by testator's executors, was void as being repugnant to the grant.

In Dodson v. Dodson, Tex.Civ.App., 299 S.W.2d 775, no writ history, it was held that a provision in a partition deed of fee simple estate, executed by heirs of decedents, that none of the tracts should be mortgaged, sold or in any way transferred, so long as any of the grantees should be living, to any person or persons except a legal heir of decedents was void as against public policy.

In O'Conner v. Thetford, Tex.Civ.App., 174 S.W. 680, 681, er. ref., there was involved a suit to remove cloud on title and construe a deed. The deed contained a proviso that as a controlling condition of the conveyance was to prevent the aliena-

tion, either voluntary or involuntary by the grantee of the premises, and in such event to terminate all estate passed to said grantee under the conveyance, and to revest immediately in the grantor. The court in affirming the trial court's judgment declaring the restraint to be void, said in part:

"The tying up of property was regarded by the common law as an evil, and in order to prevent it two doctrines were established, one that all interest should be alienable, the other that all interest must arise within certain limits, the latter being known as the rule against perpetuities. In this case we are concerned only with the first doctrine, and the extent to which it exists in this state under the common law which has furnished our rules for construing deeds since its adoption in 1840. It is well settled that a general restraint upon the power of alienation when incorporated in a deed or will otherwise conveying a fee-simple title is void, but authorities differ in construing restraints on alienation for a limited time. One line of authority is to the effect that a restraint upon the alienation of a fee-simple title for a limited period, however brief, is inconsistent with and repugnant to the nature of such an estate, because one of the most important characteristics thereof is the power of alienation. The other class of cases holds a restraint upon the alienation even of a fee-simple title, if for a reasonable time, to be a valid restriction. * * * *The first rule is the more logical and presents no difficulties such as will be encountered in determining what is a reasonable time. * * *"* (Emphasis added.)

In 41 Am.Jur., p. 116, it is stated in part as follows:

"According to the trend and the weight of modern authority, a deed or devise in fee simple to which is annexed a condition limiting the class of

persons to whom the property may be aliened, or excluding a certain person or class of persons from owning the same, is to the effect that such an attempted limitation on the right of the grantee or devisee to alien the land is void. *For example, it has been held that a testator cannot devise his estate to his children and prevent them from selling it to anyone except the surviving children and at a price to be determined by arbitration.* * * * " (Emphasis added.)

■ We hold that the portion of the provision in the will in question which attempted to give the appellee the right, unlimited as to time, to purchase at $45.-00 per acre, the realty devised to appellant children in fee simple title, was an attempted restriction upon the rights of appellant children of alienation of the property, was repugnant to the grant of a fee simple title to the appellant children and therefore was invalid.

We further hold that the portion of the provision of the will in question, which attempted to give the appellee the right, unlimited as to time, to purchase at $45.00 per acre, the realty devised to appellant children in fee simple title, also violates the rule against perpetuities and for that reason is also void. In this connection, see the following authorities: Art. 1, Sec. 26, Texas Constitution, Vernon's Ann.St.; Henderson v. Moore, 144 Tex. 398, 190 S.W.2d 800; Anderson v. Menefee, Tex. Civ.App., 174 S.W. 904, er. ref.; 162 A.L.R. 581; Barton v. Thaw, 246 Pa. 348, 92 A. 312; Maddox v. Keeler, 296 Ky. 440, 177 S.W.2d 568, 162 A.L.R. 578.

In Henderson v. Moore, supra (190 S.W. 2d 800) it is stated:

"The rule against perpetuities renders invalid any will which attempts to create any estate or future interest which by possibility may not become vested within a life or lives in being at the time of the testator's death and twenty-one years thereafter, and when necessary the period of gestation. 41 Am.Jur. 50; 32 Tex.Jur. 834; 48 C.J. 937; Brooker v. Brooker, 130 Tex. 27, 106 S.W.2d 247; Neely v. Brogden, Tex.Com.App., 239 S.W. 192. When lives in being form no part of the period of suspension or postponement of the vesting of title, the limit of time against perpetuities is twenty-one years from the death of the testator. 48 C.J. 939. The rule is intended to prevent the taking of the subject matter of the perpetuity out of commerce or trade for the prohibited period. See authorities above."

In 162 A.L.R., p. 581, it is stated:

"According to the weight of authority in jurisdictions applying the common-law rule against perpetuities, an option to purchase real property, unlimited as to the time for its exercise or extending beyond the period limited by the rule against perpetuities, violates such rule and is invalid."

In Barton v. Thaw, 246 Pa. 348, 92 A. 312, the court stated:

"The case turns very largely upon the character of the interest in the surface which the optionees took under the covenant. If it was a present, fixed, and vested interest in the land, the rule against perpetuities would have no application. But is a mere option to purchase land, unlimited as to time and indefinite in duration, which may be exercised in 10 years, or in 100 years, or in 1,000 years, or which may never be exercised at all, depending upon the wish or pleasure of the optionee, a present vested interest? To ask this question would seem to answer it. In no proper legal sense can a mere privilege of exercising a future right to purchase be deemed a present vested interest in land. The optionees may never exercise their option, and, failing to do so, they would never acquire a vested interest in the land."

In Maddox v. Keeler, 296 Ky. 440, 177 S.W.2d 568, 162 A.L.R. 578, the conveyance was on condition that should the grantee desire to sell, the grantor should have the option to purchase for $1,000. The court held that such option was against the perpetuity rule:

"Assuming, without deciding, that the option retained in the deed created a future equitable interest in the land, susceptible of inheritance, it is obvious that such interest is a limitation upon the power of absolute alienation, so long as it remains in existence. Gray's The Rule Against Perpetuities, Fourth Edition, p. 355, Sec. 323. Such interest, therefore, being the subject of inheritance, would remain a limitation upon the power of alienation until the owner of the property concluded to sell or convey the tract to another. Thus, the right to exercise the option could pass from generation to generation, until finally it might vest in one coming into being after the expiration of twenty-one years and ten months after a life or lives in being at the time of the creation of the estate. * * *

"The clause under consideration specifies no limitation as to the time in which the option may be exercised, and if, as we have assumed for the purpose of this discussion, the right to exercise the option is such an equitable interest in real estate as will pass by descent to the heirs of the grantor, it is apparent, since the grantee and his heirs may not decide to sell or convey the property for an indefinite period of time, the limitation upon the power of alienation would extend indefinitely, which of course might be twenty-one years and ten months beyond a life or lives in being at the time of the creation of the estate."

On the day when the testatrix died by possibility appellee might never be able or desirous of purchasing, or might die without having made any decision as to whether he wished to purchase. Also if appellee died without purchasing, his heirs, devisees or assigns by possibility might not desire to purchase, ad infinitum.

The portion of the provision in question attempted to place a limitation upon appellant children's title to the fee, which limitation was uncertain whether, or when, or ever, it would be exercised. It would not be sufficient that the attemped right to purchase might be, or probably would be exercised, as the applicability of the rule against perpetuities is not determinable by actualities and probabilities but by possibilities. The very possibility that existed at the testator's death that the attempted right to purchase might not be exercised for any reason whatsoever, at any time, is fatal.

Applying the Supreme Court's test in Henderson v. Moore, supra, that any future interest, which by possibility might not become vested within the perpetuity period, is void and not enforceable, it follows that the portion of the provision in question violates the rule against perpetuities.

We hold that the trial court erred in granting the summary judgment it granted against appellants. We further hold that the trial court erred in not holding and declaring that the portion of the provision of the will which attempted to give appellee the right, unlimited as to time, to purchase at $45.00 per acre the realty devised to appellants, was invalid.

However the case being disposed of by summary judgment, was not fully developed upon the merits as to remaining undisposed of controversies between the parties with respect to the partition of the estates of Paul and Monika Mattern and the adjudication of the various claimed equities between the parties. In this connection appellee, among other claimed equities, contends that appellants' bequests are chargeable with certain debts and expenses of the testator and testatrix.

The judgment of the trial court granting a summary judgment against appellants is reversed and judgment is here entered declaring invalid the portion of the will provision which attempted to give appellee the right, unlimited as to time, to purchase at $45.00 per acre the realty devised to appellants. The cause is remanded for further proceedings with respect to the partition of the estates of Paul and Monika Mattern, and the adjudication of the claimed equities between the parties in a manner not inconsistent with our holding here that the portion of the will provision which attempted to give appellee the right, unlimited as to time, to purchase at $45.00 per acre the realty devised to appellants, was invalid.

Reversed and remanded for further proceedings with instructions.