Joe L. GRAY, Appellant,

v.

William VANDVER, et ux., Appellees.

No. 8683.

Court of Appeals of Texas, Beaumont.

Oct. 22, 1981.

---

Royce Guinn, Cleveland, for appellant.

J. C. Zbranek, Liberty, for appellees.

DIES, Chief Justice.

Plaintiff below sued his grantors, as defendants below, on a deed to remove a cloud on his title and to declare as a nullity a reservation in the deed, which we hereafter set out:

"It is further understood and agreed that the grantors herein reserve unto themselves, their heirs, executors and administrators, the right to re-purchase the above described property from the grantee, his heirs, executors and administrators, for the sum of ONE HUNDRED SEVENTY–FIVE & no/100 ($175.00) DOLLARS cash at any time said grantee, his heirs, executors and administrators decide to sell said land, with the grantee having the right to remove all improvements placed by him on said land, at the time of the sale to grantors, their heirs, executors and administrators. It is further understood and agreed that in the event the grantors, their heirs, executors or administrators, refuse to re-purchase said property in accordance with the above agreement, when the same is offered to them, that they, the said grantors, their heirs, executors or administrators, will execute a recordable instrument for the benefit of grantee, his heirs, executors or administrators, releasing all of their claims in and to such above described lands."

Plaintiff contended below this was an unreasonable restraint on alienation. The trial court disagreed with him, which brings this appeal.

In 45 Tex.Jur.2d *Perpetuities and Restraints* § 8 (1963), at 106–107, we find:

"Alienability is a legal incident of property and restraints against it are contrary to public policy.... Accordingly, a provision that annexes to a grant or device a general restraint on the grantee's or devisee's power to convey or transfer the property is invalid. And generally, even partial restraints on alienation are forbidden...."

*Sec. 406(c)* (at 2393) of the *Restatement of Property* (1944) [which is subject to *Sec. 413(1),* which in turn declares the restraint valid only if it is valid under the rules of *Sec. 406*] declares the restraint to be valid if "the restraint is reasonable under the circumstances...."

In *Sec. 413* (at 2442) of the *Restatement of Property* (1944) the following illustration is given:

"2. A, owning Blackacre in fee simple absolute makes an otherwise effective conveyance thereof 'to B and his heirs, and B covenants for himself, his heirs, executors and assigns, that, if C is still alive, he will not sell Blackacre without first offering Blackacre to C for $5,000.' C is in being at the time of the conveyance. The promissory restraint is invalid."

In *Bouldin v. Miller,* 87 Tex. 359, 28 S.W. 940 (1894), a deed contained the following limitation:

"[T]o be held in common and unsold until the youngest of said boys shall become of age—that is, the age of twenty-one years...."

The Court interpreted this (28 S.W. at 941) thusly:

"We have seen that the deed in question vested in the grantees a fee-simple estate. Unlimited power of alienation in the holder to the extent of his capacity to convey under the law is a necessary incident to a vested estate in fee simple...."

In *Seay v. Cockrell*, 102 Tex. 280, 115 S.W. 1160 (1909), the Court considered this restraint:

"[S]aid Monroe and Aleck and Vardeman Cockrell, shall not sell a block that lies between Jefferson and Market ... [etc.] at their death and shall revert to their heirs."

The Court disposed of this, thusly (115 S.W. at 1163):

"The prohibition against the devisees selling the property is void. It is clearly a restraint upon alienation...."

In *Frame v. Whitaker*, 120 Tex. 53, 36 S.W.2d 149 (1931), a will recited:

"I give, devise and bequeath to my wife ... my farm ... but she shall not sell or dispose of the same in any way during her lifetime...."

The Court concluded (36 S.W.2d at 151):

"We think that, when this will is viewed and construed in its entirety, it clearly evidences the purpose to convey the fee-simple title to the land to Mrs. Frame, and the attempt to restrict her right of alienation during her lifetime is futile."

In *Sprinkle v. Leslie*, 36 Tex.Civ.App. 356, 81 S.W. 1018 (1904, writ ref'd), a will directed that the devisee should not sell or mortgage the land during her lifetime. This clause was held void as restricting alienation. And, in *O'Connor v. Thetford*, 174 S.W. 680 (Tex.Civ.App.—San Antonio 1915, writ ref'd), a deed provided that title should revest in the grantor or his heirs in case of *any* attempted alienation during the lifetime of the grantee. Such condition was held to be void.

In *Dodson v. Dodson*, 299 S.W.2d 775 (Tex.Civ.App.—Austin 1957, no writ), a deed provided none of the land could be sold as long as any of the grantees were living, except to a legal heir of decedents. The court, citing *Frame v. Whitaker* and *O'Connor v. Thetford*, supra, held this clause void as against public policy. See also, *Diamond v. Rotan*, 58 Tex.Civ.App. 263, 124 S.W. 196 (1909, writ rev'd). See also, *Baker v. Wright*, 157 S.W.2d 470 (Tex.Civ.App.—San Antonio 1941, writ ref'd), holding a clause in a will precluding owner from devising to certain persons to be void. In *Trustees of Casa View Assembly of God Ch. v. Williams*, 414 S.W.2d 697, 699 (Tex.Civ.App.—Austin 1967, no writ), the church conveyed a tract to its pastor for the purpose of building a parsonage. The deed provided, "The church is to have an option to purchase the equity from Rev. Williams when the church is financially able to do so." The court held this to be an unreasonable restraint on alienation. (Citing *Diamond v. Rotan*, supra).

These authorities demonstrate that Texas Courts frown on restraints on alienation. In the case at bar, the restraint has no practical time limit, only "at any time grantee, his heirs, executors and administrators decide to sell...." This could be well into the next century. We take judicial notice that land values, with little reversal, have gone up in Texas since the days of the Republic. So, it is entirely possible, even likely, that when this grantee, his heirs, executors and administrators should decide to sell this property, $175 would be of such inadequate value as to completely [foreclose] alienation. We believe this clause is an unreasonable restraint on alienation, and so believing, reverse and render the trial court's judgment, holding this clause in the deed to be void.

REVERSED and RENDERED.

KEITH, Justice, concurring.

I concur in the result reached. Just as in *Maddox v. Keeler*, 296 Ky. 440, 177 S.W.2d 568, 162 A.L.R. 578 (1944), the conveyance

in issue here involves an option for repurchase which the contracting parties intended should be of indefinite duration.

See Justice Norvell's discussion of an option of indefinite duration (as in *Maddox v. Keeler,* supra) and the one "generally of limited duration" found in *Mattern v. Herzog,* 367 S.W.2d 312, 318–319 (Tex.1963). In our case the option is for an indefinite duration and is unenforceable.

Defendants' reliance upon *Lusher v. First Nat. Bank of Fort Worth,* 260 S.W.2d 621, 627 (Tex.Civ.App.—Fort Worth 1953, writ ref'd n.r.e.), is misplaced. There, the Court distinguished between an option agreement and a conditional sale, noting that in an option contract, " 'time is of the essence,' " and when a time for performance is not specified, the law will imply that a reasonable time is meant. (260 S.W.2d at 626) This holding is entirely consistent with *Mattern v. Herzog,* supra.

Plaintiff was entitled to recover the relief sought in the trial court and I join in the judgment of this Court.