Mary Matthews Davis *et al.*, Complainants, Appellees, *v.* John P. Bullington *et al.*, Defendants, Appellants.

and

John P. Bullington *et al.*, Complainants, Appellees, *v.* W. D. Matthews *et al.*, Defendants, Appellants.

(*Nashville*, December Term, 1931.)

Opinion filed March 26, 1932.

Fitzhugh & Fitzhugh, for complainants, appellees.

274

WILSON, KYSER, ARMSTRONG & ALLEN, BEEK & BEEK, C. M. BRYAN and B. R. MAXWELL, for defendants, appellants.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The bill in this case was filed by the executors for a declaratory judgment construing the residuary clause of the will of R. Leedy Matthews. From the chancellor's decree, certain of the parties interested have prosecuted a writ of error.

The clause of the will brought before us is as follows:

"After the bequests I have made are paid I desire the residue of my estate to be invested in a suitable memorial to the memory of my dear mother, Mrs. Virginia Leedy Matthews, and I appoint Emma Leedy Young, Lucy Matthews Jones, my cousins, and Mrs. Josie Fitzhugh and Mrs. Bolling Sibley and Mrs. John P. Bullington, as a memorial committee to act with the executors hereinafter named to decide and select a suitable memorial or the best way the residue of my estate shall be invested to perpetuate the memory of my mother in addition to the memorial organ given St. John's Church. I desire that my cousins, Emma Leedy Young, Lucy Matthews Jones, Mrs. Josie Fitzhugh, Mrs. Bolling Sibley and Mrs. John P. Bullington shall be paid five hundred dollars each for their services by the executors of my estate."

The chancellor was of opinion that this was a valid disposition of the residuum of the testator's estate. We are not able to reach this conclusion.

We are satisfied it was not the intention of testator that this bequest was to be used in the erection of a monu-

ment, or memorial of that nature. It was stated at the bar that the amount available for said bequest would exceed $100,000. If the provision could be construed merely as one directing the executors to expend the amount involved for a monument, it would doubtless be valid. *Fite* v. *Beasley,* 80 Tenn. (12 Lea), 328; *Cannon* v. *Apperson,* 82 Tenn. (14 Lea), 553.

█ The direction, however, is that the residue of the estate "be invested in a suitable memorial" and that the committee named and the executors decide on a suitable memorial in which the residue of the estate "shall be invested to perpetuate the memory of my mother."

To invest money carries the idea of so laying it out as to produce a return. To invest is not to expend in an unproductive thing.

In the bill filed the executors assumed it was the desire of the testator that the residuum of his estate be invested for some charitable purpose by way of a memorial to his mother. We think this is correct and such a construction of this clause of the will is confirmed by another clause of the will wherein it is provided, in the event certain relatives predecease testator, a bequest made for their benefit "be used by the committee hereinafter named, as a memorial committee, to be used for some charitable purpose as a memorial to my mother, Mrs. Virginia Leedy Matthews." Reading the whole will together, therefore, it seems rather plain it was the intention of testator to create a charitable trust by the residuary clause of this will.

█ In respect to all trusts, charitable or otherwise, the objects or persons intended to have the benefit thereof must be certain. *Ensley* v. *Ensley,* 105 Tenn., 107; *Anderson* v. *McCullough,* 40 Tenn. (3 Head), 614.

█ The law of charitable trusts has been expounded in many opinions of this court, all of which are reviewed in *Ewell* v. *Sneed,* 136 Tenn., 602. As pointed out in that case, the principles governing this branch of the law are so well settled in Tennessee that we cannot be governed by decisions of other courts.

Since *Green* v. *Allen,* 24 Tenn. (5 Humph.), 170, the rule in this State has been that to be valid the charitable trust attempted "must be in favor of a person having sufficient capacity to take as devisee or donee, or if it be not to such person, it must be definite in its object, and lawful in its creation, and to be executed and regulated by trustees."

█ Tested by our decisions, the object of the charitable trust undertaken by this. testator is too uncertain and indefinite.

The court so ruled in *Green* v. *Allen, supra,* with reference to a bequest "to the Tennessee Annual Conference of the Methodist Episcopal Church for the benefit of institutions of learning under the superintendence and control of said conference, and to the Missionary Society of the Methodist Episcopal Church, and to be otherwise disposed of as the Tennessee Annual Conference may decide best in their discretion."

A like ruling was made in *Rhodes* v. *Rhodes,* 88 Tenn., 637, where the bequest was of bonds, the interest to be applied to unincorporated churches. The bequest was held invalid because no direction was given by which the executor might see to the application and administration of the interest on the bonds. Whether it should be applied to charity, to the employment of a minister, to the erection or maintenance of the church building, or be distributed among the members of the church would de-

pend upon the will of the church members when the interest was received.

So in *Johnson* v. *Johnson,* 92 Tenn., 559, the bequest was held invalid because the trustee might at will devote the property to any charity whether educational, religious or eleemosynary, and the trustees could at will change and alter the direction in which the charity should flow.

See also *Reeves* v. *Reeves,* 73 Tenn. (5 Lea), 644, and *Jones* v. *Green* (Ch. App.), 36 S. W., 729.

The charitable trust here attempted is less definite than those invalidated in the cases just cited. There is absolutely no direction here as to the charitable purpose to which this bequest shall be devoted. The matter is left entirely within the discretion of the committee appointed and the executors. The bequest is to charity generally and as *Green* v. *Allen, supra,* and our subsequent cases note, there is no jurisdiction in Tennessee for the enforcement of such trusts. They are effectuated in England and elsewhere under prerogative powers which do not appertain to a court of chancery in this State.

Counsel for the executors argue that the object of this trust was to provide a memorial for testator's mother and that such object is sufficiently definite to authorize the chancery court to devise a scheme for the effectuation of the object. We are unable to agree to this. Such an object is altogether indefinite. The memory of testator's mother might be perpetuated by a school, a church, a park, a hospital or any one or more of very many charitable enterprises. A Tennessee court is without power under such circumstances.

The decree of the chancellor must be accordingly reversed and this residuary clause held invalid.