# LASATER v. CUMBERLAND COAL CORPORATION.
## No. 2.—171 S. W. (2d) 407.

Eastern Section.   November 27, 1942.

Petition for Certiorari denied by Supreme Court, March. 3, 1943.

Solon L. Robinson, of Pikeville, for appellant.

Raulston & Raulston, of South Pittsburgh, for appellee.

McAMIS, J.  Claiming that she was the only child and heir-at-law of W. H. Mansfield, deceased, Beuna (Mansfield) Lasater filed the bill in this case for the purpose of having declared void, for fraud and lack of process and proper parties, a decree of sale, and sale of certain lands located in Sequatchie County owned by her father, W. H. Mansfield.

The bill was filed in the Chancery Court of Sequatchie County and transferred for trial to the Chancery Court

of Hamilton County. Proof was heard, including the title papers covering the lands involved, and, at the final hearing, the Chancellor dismissed the bill. Complainant has appealed.

The case turns upon a judicial interpretation of the will of W. H. Mansfield, it being the insistence of defendant that complainant many years before the filing of the bill obtained all of the property to which she was entitled under the will of her father, W. H. Mansfield, and that she has no right or title to the property described in the bill and now owned by defendant.

After having made a will in 1904, W. H. Mansfield died some time during the year 1905. At the time of his death he owned, in addition to other properties, a farm on which he and his family resided lying on the east of what is referred to in the record as Grant Number 13314. As will be seen the will, in terms, devised all of Grant Number 13314 containing about 200 acres to the widow, complainant's mother, for life with remainder to complainant. However, it seems to be conceded that about 125 acres of this tract was embraced within the boundaries of an older grant, Number 12614. At the time of his death, Mansfield owned all of the mineral and timber rights, together with rights of ingress and egress, within the boundaries of Grant Number 12614 and, in addition, owned an undivided one-half interest in the surface rights within said Grant.

It results, therefore, that when the will was executed and at the death of Mr. Mansfield he did not own a one-half undivided interest in the surface of the 125 acres embraced within the interlap though, by its terms, the will undertakes to effect a devise of the full title to all

of the lands embraced within the boundaries of the junior Grant, Number 13314.

With these contentions in mind, we quote the second paragraph of the will insofar as it pertains to the controverted issues in this case:

"I give, devise, will and bequeath to my beloved wife, Nora Mansfield, all the real estate . . . comprising what is known as my home place where I now live and reside in the Fourth Civil District of Sequatchie County, Tennessee; also all the lands embraced in Grant Number 13.314, issued by the State of Tennessee to me and being on the side and top of Cumberland Mountain, and adjoining my home place above referred to, during her natural life, and at her death, I will and devise and bequeath that all of said real estate shall go to my daughter, Beuna Mansfield, and the heirs of her body . . ."

By different paragraphs of the will between paragraph two above quoted and paragraph eight to be hereinafter quoted, several other bequests, including a bequest of $1,000 to complainant are made. The eighth paragraph (omitting non-essential portions) is in the following language:

"I devise and direct that all the balance of my property, both real and personal and of whatever kind, including my farm in Marion County, Tennessee, which was conveyed to me by E. L. Smith and wife, G. G. Mansfield and husband John Mansfield and M. D. Smith and wife . . . one-half interest in the surface right, minerals, timber, right-of-way, etc.; conveyed to me by Isaac Williams, situated on top of Cumberland Mountain in the Second Civil District of Sequatchie County, Tennessee . . . and all personal property of every kind not here-

tofore bequeathed to my wife, Nora Mansfield, including notes, accounts, choses in action and all other property of whatever kind, real, personal, and mixed, be sold, collected and converted into cash by my executor as soon after my death as possible, so as to realize the worth of said property.''

The will then provides that, out of the proceeds of the sale of said property, all specific bequests be made and the balance remaining in the hands of the executors divided equally in nine parts between persons named in the Eleventh paragraph of the will.

The one-half interest in the surface right and mineral and timber rights devised by the Eighth paragraph of the will and described as having been conveyed to the testator by Isaac Williams represents the interest of the testator in the lands embraced within Grant Number 12,614 except that the language used in paragraph Eight could be construed as covering only a one-half undivided interest in the mineral and timber rights, whereas Mr. Mansfield owned at the time of the making of the will and at the time of his death the full title to all mineral and timber rights, etc. It is to be seen that, to the extent of the interlap between Grants Number 12,614 and 13,314, there is an irreconcilable conflict between the devise made in paragraph Two of the will to Nora Mansfield, the wife of the testator, for life with remainder to complainant, and the devise set forth in paragraph Eight directing a sale of testator's one-half interest in the surface, mineral and timber rights within Grant Number 12,614. The question to be determined is which of the two devises shall prevail.

█ Where the construction of a will is doubtful, the court should look to the surrounding circumstances and

situations of the parties in interest and, as nearly as possible, place itself in the position of the testator. Union, etc., Trust Co. v. Alsobrook, 6 Tenn. App. 264; Bynum v. McDowell, 3 Tenn. App. 340.

■ All the parts of a will must, if possible, be so construed as to form a consistent whole. Wood v. Polk, 59 Tenn. (12 Heisk.), 220; Magevney v. Karsch, 167 Tenn. (3 Beeler), 32, 65 S. W. (2d) 562, 92 A. L. R. 343.

■ Where the description of the property is such that it seems that the same articles are disposed of more than once by the same instrument, the courts will not permit such a result if any reasonable construction can reconcile the discrepancy and if the two gifts cannot be reconciled the last will take effect. Page on Wills (Lifetime Edition), Vol. 3, Sec. 985.

■ Another canon of construction is that the testator generally is presumed to devise only his own property, or property over which he has the power of disposition. Hood et al. v. Nichol et al., 236 Ky. 779, 34 S. W. (2d) 429.

■ Under the foregoing principles and rules of construction it is to be presumed that the testator knew and had in mind his titles under the respective Grants and it is not to be presumed that he intended to devise an undivided one-half interest in the surface rights to the 125 acres located within the interlap which he did not own. Moreover, the devise of his interest in Grant 12,614 being the last expression of the testator in reference to the property contained within the interlap must, in view of the conflict between the two devises, be given paramount effect. Page on Wills, supra.

While testator had a paper title to the 125 acres within the interlap under the junior grant, the only real title he had to this boundary was an undivided one-half in-

terest in the surface rights plus mineral and timber rights which he acquired under the Isaac Williams deeds and it is to be presumed that the testator had the condition of the title in mind at the time the will was executed. When he came to will his interest under the senior Grant, 12,614 he referred to it as an undivided interest, whereas the devise in the second paragraph of the will, upon its face, undertakes to dispose of the entire boundary within Grant 13,314 without taking into account the fact that as to that part of the boundary located within the interlap he owned only the mineral and timber rights and a one-half undivided interest in the surface. If he had intended to dispose of his one-half undivided interest in the property located within the interlap he could easily have done so by appropriate language.

Placing ourselves as nearly as possible in the position of the testator, we think it is unreasonable to conclude that he would have undertaken to add to the home place in which he owned the entire estate an undivided interest in another tract of land and, if he had intended to do so, it is reasonable to assume he would have employed appropriate language to that end.

It is insisted that, by the Eighth paragraph of the will, the testator failed to dispose of a one-half undivided interest in the mineral and timber rights. We do not think this is a matter of which complainant may complain under the pleadings, since she received all that she was entitled to receive under the terms of the will.

Since we hold that complainant had no title to the lands falling within the boundaries of Grant Number 12,614 she was not a necessary or proper party in the proceeding to sell that part of her father's estate.

It results that the decree of the Chancellor is in all things affirmed. Costs will be adjudged against appellant and surety on her appeal bond and the cause remanded to the Chancery Court of Hamilton County and, from that Court, transferred to the Chancery Court of Sequatchie County where the land lies for entry of the decrees rendered in the case.