34

GARNER *v.* BECTON *et al.*

(*Nashville, December Term, 1947.*)

Opinion filed July 17, 1948.

T. B. PASSMORE, of Memphis, for appellants.

No attorney for appellee.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This suit calls for the construction of the will of Clara Taylor. Omitting the preamble and concluding clause of the will the disposing clauses are as follows:

"Item I. I will to Fannie Becton and Georgia Jones my household goods and my home at 2278 Marble Street; Memphis, Tennessee, to take possession of it after my death.

"Item II. I further declare that the above named persons share a part of this property with my cousin, Mary Mason Garner, as long as she lives, if she desires it.

"Item III. After the death of the three above named parties, I will the said property to my church, Springdale Baptist Church, on Hunter street in Memphis, Tennessee & said property not to be sold."

This suit was filed by the named beneficiary under item II of the will against all other legatees, including the trustees of the named church, and the executrix for a declaratory judgment under the Declaratory Judgments

Act, Code sessions 8835-8847. All parties were before the Court by service of process. No answer or defense was made. The parties apparently were satisfied to be bound by the construction placed on the will without asserting any rights. The Chancellor was "of opinion that Item I of the will gives to Fannie Becton and Georgia Jones all of the property of the Testatrix, both real and personal, the real property in fee simple, and the personal property in absolute ownerships. The latter proviso in Items II and III, in the opinion of the Court are not such clear and unambiguous changes or modification of same as to take away from Fannie Becton and Georgia Jones the gift already clearly made in Item I."

■■ It is a well recognized rule, universally in force, that the courts will endeavor to ascertain and enforce the intention of the testator, except where forbidden by positive rules of law. This intention is to be ascertained from a consideration of the will as a whole and not from its disjointed fragments.

In the first item of the will before us the testatrix willed to two named people her household goods and home. The next item provides "that the above named persons share a part of this property with" the complainant. The next clause or item provides that after the death of the three persons named in the preceding two items "I will the said property to my church, Springdale Baptist Church, on Hunter Street in Memphis, Tennessee . . . "

■ We can see nothing ambiguous in the language used herein. The intention of the testatrix seems clear. Construing these three items or clauses together it appears clear to us that she intended to will a life estate to each of the three named persons and after their death the remainder went to her church as specifically designated.

■ It is perfectly obvious that the will was not drafted by a skilled draftsman. When such appears it is our duty to give more liberality toward the construction of the instrument. Page on Wills, Vol. I, sec. 61.

■ It will be observed that the testatrix added a condition to the end of Item III as follows: "& said property not to be sold." If this "condition" is considered as a restraint of alienation on the part of the church then it is void. Sizer's Pritchard Law of Wills and Executors, 2nd Ed., section 161. All this would mean though is that the "condition" above quoted is void and the property or remainder would pass to the church without the restriction or restraint of alienation attached.

For the reasons expressed the decree below must be reversed and a declaratory judgment will be entered here in accordance with the foregoing opinion.