## Corby Estate

*Frank M. Perna,* for accountant.

MacElree, P. J., July 16, 1963.—By the terms of his will, decedent appointed his brother, Edward T. Corby, both as executor and trustee.

In the petition for adjudication and statement of proposed distribution submitted to the court, this court is requested to award the entire residue to trustee for the uses and purposes set forth in decedent's will and for further administration under the terms thereof.

The residue consists of three items, as follows:

| | |
|---|---|
| Cash | $29,354.21 |
| A coin collection | 12,142.90 |
| Accounts receivable in a total amount of | 3,797.76 |

No question arises as to the right of the court to award that portion of the balance composed of cash to trustee.

As to the accounts receivable, no one but the personal representative has the right except in exceptional cases to collect debts due the estate.

It is the duty of the personal representative to use diligent efforts to collect debts due decedent: Neff's Appeal, 57 Pa. 91.

In the opinion of this court, we should not award accounts receivable as such to a trustee.

We will, accordingly, award said accounts receivable back to executor for liquidation and further accounting.

We are asked to award a coin collection inventoried at $12,142.90 to the trustee, in kind, on the theory that under decedent's will the trustee is clothed with discretionary power and not limited to investments prescribed by law for trustees.

After an exhaustive research, we are of the opinion that though requested by the personal representative of decedent and trustee, being one and the same person, this court should not award the coin collection to a trustee to be held as an investment.

Section 734 of the Fiduciaries Act of April 18, 1949, P. L. 512, as amended, provides: "The court, for cause shown, may order the estate to be distributed in kind to the parties in interest, including fiduciaries."

What this decedent directed in his will was:

"To hold, invest and reinvest in such *investments* as my trustee may deem wise . . . not limited to investments prescribed by law for trustees."

And, "To collect the income of said trust . . ."

And, "To devote, the income of said trust . . . for the support and maintenance and education of my minor children."

Such a direction clearly contemplated income-producing investments.

Absent a direction by testator that the coin collection be retained as such, we are of opinion that though requested by both the personal representative of decedent and trustee, being as heretofore noted one and the same person, we should not award a coin collection to

be held as an investment under the context of decedent's will, as we construe it.

We are unable to find any reported Pennsylvania case on this particular subject. There are, however, a number of cases in other jurisdictions.

"Unless controlled by the context of the will, the word 'invest' ordinarily means 'to lay out (money or capital) in business with a view of obtaining an income or profit; to convert into some sort of wealth, other than money, as securities or real estate, with the expectation of dividends or rentals' etc": Tippett v. Tippett, 24 Del. Ch. 115, 7 A. 2d 612, 616.

"To 'invest' money carries the idea of so laying it out as to produce a return. To invest is not to expend in an unproductive thing": Davis v. Bullington, 164 Tenn. 272, 47 S. W. 2d 555, 556.

" 'Invest: . . . In common parlance, putting out money on interest, either by the way of loan or by the purchase of income-producing property.' . . . 'To employ for some profitable use; convert into some other form of wealth, usually of a more or less permanent nature, as in the purchase of property or shares, or in loans secured by mortgage' ": Stramann v. Scheeren, 7 Colo. App. 1, 42 Pac. 191, 195.

"Section 571, Civ. Code, provides: 'Corporations organized for the purpose of accumulating and loaning the funds of their members, . . .' . . . includes all of the transactions in which the funds of the corporation are placed or employed by it for the purpose of receiving an income therefrom. '. . . In common parlance it means putting out money on interest, either by way of loan or of the purchase of income-producing property:' " Savings Bank of San Diego County v. Barrett, 126 Cal. 413, 58 Pac. 914, 915.

As the word is used when speaking of money, " 'Invest' does not necessarily indicate the purchase of property, or stocks, or a loan on negotiable securities. It

implies the outlay of money, in some permanent form, so as to yield an income; . . .": Desobry v. Tete, 31 La. Ann. 809, 816, 33 Am. Rep. 232.

" 'To "invest" means to lay out money or capital in business with the view of obtaining an income or profit, as to invest money in bank stock; to employ for some profitable use; to convert into some other form of wealth, usually of a more or less permanent nature' ": In re Curtis, 26 R. I. 580, 60 Atl. 240, 241.

In the subject estate, in view of the context of decedent's will, we believe it to be unnecessary for this court to decide whether technically a coin collection constitutes an investment as judicially defined.

We conclude that a coin collection is neither an investment prescribed by law for trustee nor is it such an income-producing investment as was authorized, and/or contemplated by testator under the context of his will.

We are advised that an orderly liquidation of said coin collection without sacrifice will require further time and effort, and that such liquidation is the proper responsibility of executor.

We will award the coin collection back to executor for such orderly liquidation prior to January 30, 1965, and for further accounting.