LENIS C. WEBB et al., Complainants, Appellants, v.
LARKIN M. WEBB et al., Defendants, Appellees.—
385 S. W. (2d) 295.

Eastern Section. July 10, 1964.

Certiorari Denied by Supreme Court October 19, 1964.

610

Ivan Privette, guardian ad litem, O'Neil, Jarvis, Parker & Williamson, Hodges, Doughty & Carson and Robert R. Campbell, Knoxville, for appellants.

Frantz, McConnell & Seymour and Jenkins & Jenkins, Knoxville, for appellees.

McAMIS, P.J. This case requires a construction of the will of M. L. Webb who died February 21, 1953. The case turns on whether the will passed to the widow of the testator the absolute title to certain personal property owned by the testator or whether the widow acquired only a life estate.

Under the construction adopted by the Chancellor the widow acquired an absolute title. The heirs at law of M. L. Webb have appealed insisting the widow acquired only a life estate which upon her death, August 10, 1961, terminated and that title to the property thereupon passed to them.

Mr. and Mrs. Webb never had any children. The major portion of their property was held as tenants by the entirety and is not here involved. Only certain stocks standing in the name of Mr. Webb, individually, are claimed by his heirs. All of the property of Mrs. Webb passed under her will to certain named beneficiaries who were made defendants in this case and who are appellees in this court.

It appears that Mr. Webb had made a prior will about 1945 which he had discussed with his brother, Larkin Webb. The terms of that will were not revealed.

The will in question here, dated September 20, 1951, was written by Mr. Webb without legal assistance, using as a form a portion of the will of his business associate, John Keener Watson. Paragraph II of the Watson will reads:

"I hereby give, devise and bequeath to my beloved wife, I Myrtle Watson, all the rest, residue and remainder of my estate, real, personal or mixed, of every kind or character, and wherever situated, with full, complete, unqualified and unrestricted power of sale and disposition, by deed, contract or otherwise and with full, unqualified and unrestricted right to use, apply, appropriate and consume the same, both as to principal and income, for her maintenance, support and comfort, for the full period of her natural life, she

to be the sole and exclusive judge as to the necessity or propriety of the sale or distribution of all or any part of the same and the use, application or consumption of all or any part of the same for her maintenance, support and comfort, *with the express provision, however, that if any part of my said estate in any form shall remain unused and unconsumed, at the death of my said wife, and after the the payment of all her funeral and burial expenses, such unconsumed and unused residue, shall go to my then heirs at law and distributees, in the same way as if inherited by and distributed to my then said heirs at law and distributees under the laws of the state of Tennessee as they then exist.''*

The will of Mr. Webb down to the above italicized language, except for the substitution of names, is identical with the Watson will. In resolving the question of the title acquired by Mrs. Webb, the Chancellor appears to have given considerable weight to the omission of the italicized language from the Webb will.

We have concluded, under well settled rules of construction, that the Chancellor correctly held that the widow acquired the absolute title to the property.

■ The cardinal rule in the construction of wills is to ascertain the intention of the testator. To that end the court will place itself as nearly as possible in the position of the testator, Lasater v. Cumberland Coal Corp., 26 Tenn.App. 277, 171 S.W.(2d) 407, and will look to the will as a whole and not to fragments considered out of context with the whole will. Burdick v. Gilpin, 205 Tenn. 94, 325 S.W.(2d) 547; Burton v. Kinney, 191 Tenn. 1, 231 S.W.(2d) 356, 19 A.L.R.(2d) 366; Garner v. Becton, 187

Tenn. 34, 212 S.W.(2d) 890; American Nat. Bank v. -Mander, 36 Tenn.App. 220, 253 S.W.(2d) 994.

■ Where the will was drafted by the testator without legal assistance, in arriving at his intention, caution should be observed in ascribing technical meaning to the language of the will and the court should construe the terms used by the testator with liberality to effectuate what appears to be the testamentary purpose. See Garner v. Becton et al., supra.

■ Another principle of general application is that there is a presumption against intestacy, either partial or complete, and if there is doubt as to the testator's intention the will should be construed to effectuate his presumed intention to dispose of his entire estate. Green v. Young, 163 Tenn. 16, 40 S.W.(2d) 793; Weiss v. Broadway Nat'l Bank, 204 Tenn. 563, 322 S.W.(2d) 427.

■ It seems to us the construction adopted by the Chancellor is entirely consonant with each of these rules of construction. If we place ourselves in the position of the testator, since he had no children, it is fair to suppose that his principal concern was to provide for his wife and to favor her in the disposition of his property. If we adopt the construction urged by the heirs that only a life estate passed to the wife intestacy as to the reversionary interest would result. And looking to the will as a whole rather than considering in isolation the term "for the full period of her life", it is plain that the testator intended to pass the whole title to his wife. He had previously devised all of his property without limitation to her in language as broad as it would be possible to select without any indication of an intention to give her only a life estate and we think it is a fair inference that

this language crept into the will only because it appeared in the Watson will where it was appropriate in effectuating Mr. Watson's intention to create a life estate. The testator not being versed in law failed to attach any significance to the grant of the right to use the income for life. We think it is as reasonable to suppose that he thought the use of this language would serve to confirm his previously expressed intention to pass the absolute title to his wife.

■ If the testator had intended to give his wife only a life estate he could easily have done so by apt language and then provided for the vesting of the reversionary estate. Instead, he deliberately omitted from his will the language of the Watson will creating a reversionary estate.

■ Since there is no gift over upon the termination of the supposed life estate, the presumption is that it was the intention of the testator to pass the fee title. See Green v. Young, supra, 163 Tenn. 16, 40 S.W.(2d) 793.

■ In that case, a life estate was created in express terms. In the absence of a gift over it was held the devise passed the whole estate. Here the heirs seek to engraft a life estate solely because the testator later made reference to the use of the income by Mrs. Webb for the period of her natural life. It could only be by inference, if at all, that a life estate was created. Since the function and purpose of all rules of construction is to arrive finally at the intention of the testator, it seems to us where the claim that the will created only an estate for life rests entirely upon an inference, there are even more convincing reasons for applying the rule that, in the absence of a gift over, the full title passes under the will.

■ Certain assignments make the insistence that the Chancellor erroneously excluded evidence of declarations of the testator indicating an intention to give the property to certain of his heirs upon the death of Mrs. Webb. We do not understand from the record that the Chancellor excluded this evidence. But, assuming it to be competent and that it was excluded, we do not think it could have the effect of changing the result.

In the first place there is evidence of declarations indicating an intention to give Mrs. Webb the absolute title. Secondly, the declarations relied upon by the heirs according to the proof were made near the time when the first will was still in effect. If the witnesses, testifying more than ten years later, were mistaken as to the date, the testator could well have been referring to his prior will, the provisions of which he failed to reveal. If the witnesses were only slightly mistaken as to the date they say the declarations were made, it could be completely wrong to suppose they were indicative of his intention when the second will was executed. In this view it is unnecessary to pass upon the competency of this evidence.

We find no error and the decree is affirmed and the cause remanded. Costs will be taxed to appellants.

Cooper and Parrott, JJ., concur.