**Mary Ann Lester LEWIS et al.,
Plaintiffs-Appellants,**

v.

**Cleo Jordan DARNELL et al.,
Defendants-Appellees.**

Court of Appeals of Tennessee,
Middle Section.

Dec. 1, 1978.

Certiorari Denied by Supreme
Court March 5, 1979.

Richard J. Brodhead, Lebanon, for plaintiffs-appellants.

E. R. Woolard, Woolard & Bishop, Lebanon, for defendants-appellees.

EWELL, Judge.

This case is before the Court on an appeal from the Chancery Court of Wilson County, Tennessee, by Mary Ann Lester Lewis and others from a decree construing the will of Minnie L. Reeves, deceased.

Mrs. Reeves died testate, a resident of Wilson County, Tennessee, on April 30, 1975. Her husband, S.M. Reeves, died in 1962, and both Mr. and Mrs. Reeves died without issue. She left a brother, Charlie Reason Lester, one of the defendants, and nine nieces and nephews, children of her deceased brothers. Eight of the nieces and nephews are the plaintiffs in the case and one nephew, Cleo Jordan Darnell, is a defendant. The defendants, R.H. Hancock and Edsel Floyd, are the co-executors of the last will and testament of Mrs. Reeves.

The holographic will including certain notations on an envelope in which the will was enclosed was admitted to probate in common form in the County Court of Wilson County, Tennessee, on July 21, 1975, to be deemed and treated as one instrument.

The will at issue is as follows:

"WILL

I, Minnie Lee Reeves, do hereby make and declare this to be my last will.

1st. I direct my executors, the deacons of First Baptist Church, to pay all of my debts.

2nd. I want a trust fund put in the First Federal Bank of $2,500.00 for Greenvale Cemetery to help care for it and help keep the road to the cemetery fixed. Interest to be used each year.

3rd. If there is anything left, I want it put in First Federal Bank for my church to use the interest each year for mission work. That lost souls may hear about and know my dear Saviour.

I do witness my hand this day.

DATE May 4–68
NAME /S/ Minnie L. Reeves.
Minnie L. Reeves
Signed in our presence and each other.
/S/ Lucille Penuel-Watertown, Tenn.
WITNESS & ADDRESS
/S/ Geo. W. Griffith-Watertown, Tn.
WITNESS & ADDRESS"

On the front of the envelope in which the will was enclosed was the notation "The Will of Minnie L. Reeves signed May 4–68"; and on the reverse side was the notation "Sm. Reeves and wife, Minnie L. Reeves leave a trust fund to their church, for the int. to be used annually, to spread the gospel to a lost world untill (sic) Jesus comes." The order of probate provided that the notations on the envelope be admitted, deemed and treated as part of the will.

On April 29, 1977, a will contest was tried in the Circuit Court of Wilson County, Tennessee, resulting in the will, as probated, being sustained and upheld as the true, whole last will and testament of Minnie L. Reeves. Subsequently plaintiffs filed this suit seeking a judicial construction of the will whereby the same would be declared null and void and the entire estate distributed to the heirs of Mrs. Reeves according to the laws of descent and distribution of the State of Tennessee.

The Trial Court found that the will established two trusts, one for the maintenance

of the Greenvale Cemetery in the amount of $2,500.00 and the other for mission work to be administered by and through First Baptist Church of Watertown, Tennessee, consisting of all that remained of the estate, both real and personal, after the payment of the debts and administration expenses and the funding of the "Greenvale Cemetery" trust.

Plaintiffs timely perfected their appeal to this Court assigning five errors as set out below.

■ Plaintiffs insist that the Trial Court erred in considering the notations on the envelope which held the will in making its final determination. The Chancellor had no choice but to consider the notations in question since the order of probate entered in the County Court of Wilson County, Tennessee, specifically provided that such notations were to be considered with the instrument enclosed within the envelope jointly as the last will and testament of Minnie L. Reeves. The will as probated has been sustained in a will contest tried in the Circuit Court of Wilson County, Tennessee, and the Chancellor in this case was called upon to construe that which was before him as the last will and testament of Minnie L. Reeves. This included the notations on the envelope, and the Chancellor was not in error. See *State ex rel Estes v. Goodman,* 133 Tenn. 375, 181 S.W.2d 312 (1915) and *John v. Tate,* 26 Tenn. 388 (1846). Accordingly, the first assignment of error is overruled.

In the second, third and fifth assignments of error plaintiffs charge that the Trial Court erred in finding (1) it was the intention of the testatrix that First Baptist Church of Watertown was to receive a trust, (2) that the beneficiaries in the alleged will were definite, and (3) that the will establishes a charitable trust. We will discuss these assignments jointly.

■ Mrs. Reeves in her will designated the deacons of "First Baptist Church" as her executors, and in the paragraph designated 3rd she makes reference to "my church". In one of the notations on the envelope in which the will was contained reference was made to "their church". The Chancellor found and held that the foregoing references were to the First Baptist Church of Watertown, and in so doing he went beyond the four corners of the will and properly considered extrinsic evidence to ascertain the state of facts under which the will was made. See *McFadden v. Blair,* 42 Tenn.App. 434, 304 S.W.2d 93 (1956); *Johnson v. Speer,* 38 Tenn.App. 696, 279 S.W.2d 711 (1954); and *Phillips' Pritchard on Law Of Wills and Administration of Estates,* Sec. 409 (3rd ed. 1955). The proof establishes the fact that both Mr. and Mrs. Reeves were members of the First Baptist Church of Watertown, Tennessee, from February 25, 1945, until death; that Mr. Reeves was a deacon in the Church; and that Mrs. Reeves was active in the Church so long as her health permitted. The Chancellor found that under the circumstances it would be perfectly natural for Mrs. Reeves to use terms such as "First Baptist Church", "my church" and "their church" referring to the First Baptist Church of Watertown, Tennessee, and he construed the will accordingly. We concur in this construction. The cardinal rule in the construction of wills is that the court seeks to discover the intention of the testatrix and to this rule all other rules of construction must yield. *Harris v. Bittikofer,* 541 S.W.2d 372 (Tenn. 1976); *Webb v. Webb,* 53 Tenn.App. 609, 385 S.W.2d 295 (1964); *Martin v. Taylor,* 521 S.W.2d 581 (Tenn.1975). The will was drafted by Mrs. Reeves who obviously was not skilled in the drafting of wills, and it is, therefore, the duty of the court to give more liberality toward the construction of the instrument. *Garner v. Becton,* 187 Tenn. 34, 212 S.W.2d 890 (1948).

The beneficiary of the "church" trust was the mission program of the church "that lost souls may hear about and know my dear Saviour". The beneficiary of the "cemetery" trust was Greenvale Cemetery in that the income from the corpus was to be used annually "to help care for it (Greenvale Cemetery) and to help keep the road to the cemetery fixed". Plaintiffs complain that the Chancellor erred in finding that

these beneficiaries were definite; and for this reason and because the testatrix failed to appoint specific trustees and further because of vagueness and uncertainty it is insisted that the will fails to establish legally enforceable trusts.

■ We are satisfied that the will itself complemented by the extrinsic evidence presented at the hearing conclusively identifies the First Baptist Church of Watertown, Tennessee, as being the church referred to by Mrs. Reeves in her will. Likewise, the testimony of Elmer M. Fann, trustee of Greenvale Cemetery, situated in Wilson County, Tennessee, clearly identifies the object or beneficiary of the $2,500.00 trust.

■ The failure of Mrs. Reeves to specifically designate and identify a trustee or trustees with respect to each of these trusts is not fatal under section 35–120 of *Tennessee Code Annotated* whereby the trial court is authorized to appoint trustees so as to prevent the failure of the trust. Pursuant to this authority the Chancellor directed the executors to pay over the sum of $2,500.00 to the trustees of Greenvale Cemetery for deposit in the First Federal Savings and Loan Association of Lebanon with interest therefrom to be applied to the maintenance of Greenvale Cemetery and the road leading to the same. In like fashion the Chancellor ordered the executors to pay over the residuary estate to First Baptist Church of Watertown, Tennessee, and to the trustees thereof, to administer and handle the income therefrom for mission work deemed proper by appropriate and legal action of said church and its congregation, acting through its trustees or deacons as the church may direct. By so decreeing the Chancellor gave legal effect to the clear intent of Mrs. Reeves as expressed in her will.

The most serious objection raised by the plaintiffs relates to the matter of vagueness and uncertainty in the object of the "church" trust. The attorney for the plaintiffs cites several cases as authority for the proposition that said trust must fail for vagueness and uncertainty of object. Two

of the cases cited by counsel arose around the middle of the last century in the states of North Carolina and Connecticut, and this Court does not consider those cases as authority applicable to the case before us. We have considered the case of *Delany v. First People's Bank of Johnson City,* 214 Tenn. 355, 380 S.W.2d 65 (1964) and find that the will under consideration in that case bears little, if any, resemblance to the will of Mrs. Reeves. More nearly in point are the cases of *Johnson v. Johnson,,* 92 Tenn. 559, 23 S.W. 114 (1893); *Jones v. Green,* 36 S.W. 729 (Tenn.Ch.App.1895); and *Davis v. Bullington,* 164 Tenn. 272, 47 S.W.2d 555 (1932), all cited by counsel for plaintiffs in support of his insistence. However, we find that Mrs. Reeves in her will was substantially more definite and explicit than each of the three testators whose trusts the courts in those cases declined to enforce as being too indefinite. We concur with the Chancellor in sustaining the trusts of Mrs. Reeves under the authority of *Dickson v. Montgomery,* 31 Tenn. 348 (1851) and *Ratto ·v. Nashville Trust Co.,* 178 Tenn. 457, 159 S.W.2d 88 (1941). See also *Phillips' Pritchard on Law of Wills and Administration of Estates,* Sec. 185 and 186 (3rd ed. 1955).

■ Trusts for charitable uses are highly favored by courts of equity, and they will be upheld although the parties to be benefited may not be defined with that precision which would be requisite in trusts of an ordinary and private description. In this case the will was prepared by Mrs. Reeves who was not trained in the use of technical terms. However, her expression of intent is definite and clear and susceptible of being dealt with by a court of equity. We find and hold that the Chancellor in this case has dealt with it properly and effectively, and, therefore, plaintiffs' assignments of error numbered two, three, and five are overruled.

■ The remaining assignment of error faults the Trial Court in finding that the entire estate, both personal and real property, should pass under the will. The Chan-

cellor held that after payment of debts and expenses and the funding of the "cemetery" trust, the remainder of the assets of the estate would form the corpus of the "church" trust for mission work. The phrase of the will in question is found in the paragraph numbered 3rd where the testatrix provides that "if there is anything left, I want it . . . ." in identifying the corpus of the residuary estate. Plaintiffs insist that this language is not sufficient to pass the real estate owned by Mrs. Reeves at her death, but the Chancellor held that the testatrix by using the word "anything" referred to her entire estate, both real and personal. The Chancellor is supported by section 32–301 of *Tennessee Code Annotated,* and we again concur in his holding. See also *Deavers v. Deavers,* 61 Tenn.App. 704, 457 S.W.2d 618 (1970) and *Phillips' Pritchard on Law of Wills and Administration of Estates,* Sec. 386 and 458 (3rd ed. 1955). Plaintiffs' fourth assignment of error is accordingly overruled.

From a fair and unstrained reading of the will of Mrs. Reeves it is clear that she intended to create two trusts, one for the benefit of Greenvale Cemetery and one for the use of First Baptist Church of Watertown, Tennessee, in its mission program; and it is equally clear that she intended that her entire estate be so used. For a person untrained in the law we find that Mrs. Reeves has been more than legally adequate in the drafting of her will and that the Chancellor has not committed error or abused his discretion in construing and implementing it. Accordingly, the judgment of the Chancellor is affirmed in all parts and the cause is remanded to the Chancery Court of Wilson County, Tennessee, for implementation of the decree. The costs of the cause are adjudged against the plaintiffs and their sureties.

TODD and DROWOTA, JJ., concur.