Ann BROACH *v.*
CITY OF HAMPTON, ARKANSAS

84-145                                        677 S.W.2d 851

Supreme Court of Arkansas
Opinion delivered October 29, 1984

*Shackleford, Shackleford & Phillips, P.A.,* for appellant.

*Wynne, Wynne & Wynne,* by: *Robin F. Wynne,* for appellee.

ROBERT H. DUDLEY, Justice. In 1963, appellee, the City of Hampton, acquired 57 acres of land from Charles and Ann Broach for the price of $105.00 per acre. The acreage was to be used for an oxidation pond and pumping station for the city sewer system. On February 8, 1966, after the construction was complete, Charles Broach asked the Hampton City Council if he and Ann Broach could buy back that part of the property which had not

been used for the sewer system. The council voted to sell back the unused 43.15 acres at the price of $50.00 per acre, but reversed the right to repurchase the property when the sewer system required additional oxidation ponds. The pertinent provision in the deed reads as follows:

> The grantees herein, Charles Broach and Ann Broach, hereby agree to sell back to the City of Hampton, grantors herein, all or any part of the above-described 43.15 acre tract that the City of Hampton might need in the future for oxidation ponds for the city sewer system, at a price of $50.00 per acre. Grantor reserves such right of purchase.

In 1973, Charles Broach died, leaving appellant as the survivor. Meanwhile the City of Hampton grew and the additional population required expansion of the sewer system. In July, 1983, the City Council voted to repurchase the property for the price stated in the deed, $50.00 per acre, and expand the system. Appellant refused to sell. Appellee city filed suits for specific performance. Appellant answered, raising various defenses, among them being that the option to repurchase was void because it violated the Rule against Perpetuities and also because it placed an unreasonable restraint upon alienation of the land. The court granted appellee's request for specific performance. We affirm. Jurisdiction is in this court pursuant to Rule 29 (1)(p) as the case presents a question about the construction of deeds.

We must first decide whether the repurchase option in the deed is void because it violates the rule against perpetuities or the rule against unreasonable restraints on the alienation of property. Although these rules are distinct entities, they share a common purpose which is to insure that property is reasonably available for development by forbidding restraints that keep property from being used for a lengthy period of time. L. Simes & A. Smith, *The Law of Future Interests* § 1135 (2d ed. 1956). *Iglehart* v. *Phillips*, 383 So.2d 610 (Fla. 1980). Article 2, Section 19 of the Arkansas Constitution forbids perpetuities. Arkansas does not have a statute stating the rule

against perpetuities, but follows the common law rule which prohibits the creation of future interests or estates which by possibility may not become vested within the life or lives in being at the time . . . of the effective date of the instrument and 21 years thereafter. *Roemhild* v. *Jones,* 239 F.2d 492 (8th Cir. 1957); *Hendricksen* v. *Cubage,* 225 Ark. 1049, 288 S.W.2d 608 (1956).

The language in the repurchase option clause of the deed mentions only Charles and Ann Broach and the City of Hampton. No Arkansas case has previously decided the issue of whether the rule against perpetuities applies to an option to repurchase. However, in *Campbell* v. *Campbell,* 313 Ky. 249, 230 S.W.2d 918 (1950), that court stated:

> In practically all the cases holding that the reservation of an option to repurchase made in favor of the grantor violates the rule against perpetuities and is invalid, the language of the reservation clearly extended the option beyond the life of the optionee. Usually the reservation of the option was to the optionee, his heirs and assigns.

313 Ky. at 252, 230 S.W.2d at 920. In the case before us there is no language in the deed which states that the option runs to the heirs or assigns of the Broaches, nor is there any other language that indicates that the parties intended that the terms would be binding beyond the lives of the Broaches. There is a reasonable basis, therefore, for the trial court's ruling that the option did not extend beyond the lives of the parties to the option, and consequently, we cannot say as a matter of law that the rule against perpetuities has been violated.

The same result follows where there are two possible constructions to the option agreement because:

> The rule against perpetuities is not a rule of construction but a rule of property, yet if there are two possible constructions of an instrument, one which would render it valid and one which would render it invalid, preference will be accorded to the construc-

tion which will uphold it. *Roemhild* v. *Jones,* 239 F.2d 492, 496 (8th Cir., 1957).

Appellant's contention that the repurchase option violates the rule against unreasonable restraints upon alienation is also without merit. A direct restraint on alienation is "a provision which, by its terms, prohibits or penalizes the exercise of the power of alienation." L. Simes, *Law of Future Interests* 237 (1966). There are three types of direct restraints. 4 *Restatement, Property* § 404 (1944). First, a disabling restraint is created when property is devised or conveyed with the limitation that it not be alienated. *Simes,* at 237. *See Garner* v. *Becton,* 187 Tenn. 34, 212 S.W.2d 890 (1948). All disabling restraints are void except those restraints on alienation incidental to spendthrift trusts. *Simes,* at 238. Second, a forfeiture restraint is created when, by an instrument of transfer, the estate transferred will be subject to forfeiture or termination on alienation. *Id.* The general rule is that all forfeiture restraint are void. *Simes,* at 242. *See Crecelius* v. *Smith,* 255 Iowa 1249, 125 N.W.2d 786 (1964). Third, a promissory restraint is created when the promisor agrees, in a convenant in an instrument of conveyance, or by contract, not to alienate the property. *Simes,* at 238. Generally, although there are some exceptions, the law treats such promisory restraints just as it treats forfeiture restraints and declares them void. *Simes,* at 248. *See Jackson* v. *Jackson,* 215 Ga. 849, 113 S.E.2d 766 (1960).

The language in this deed does not create an unreasonable restraint on alienation for the simple reason that it does not constitute a restraint on alienation as above defined. There is no language by which the Broaches promise not to sell nor is there any language prohibiting the alienation of the land or causing forfeiture upon attempted alienation. The Broaches were free at all times to sell the interest they owned in the land.

The result announced by the trial court is correct. An appellate court will sustain the judgment if it is right, although the trial court announced the wrong reason for its ruling. *Armstrong* v. *Harrell,* 279 Ark. 24, 648 S.W.2d 450 (1983).

Appellant additionally argues that the trial court erred in holding that appellee's reservation of the right to repurchase was enforceable. Appellant contends that the statute of frauds is applicable to the reservation of the right to repurchase and that appellee must prove both the terms of the contract and the facts constituting performance in order to take the contract out of the statute of frauds. We find no merit in this argument. It is apparent from the language of the deed what the terms of the contract are and we note, as did the trial court, that the grantees accepted the deed, placed it on record, paid the purchase price, and took possession of the land.

The last point we address is whether appellee's reservation of the option to repurchase was still in effect when appellee attempted to exercise it since there was no express time limit stated in the deed. When there is no time limit expressed, an option must be exercised within a reasonable time of its execution and delivery. *Gerald Elben, Inc.* v. *Seegren,* 62 Ill. App. 3d 20, 378 N.W.2d 626 (1978). This court has upheld the trial court's reasoning in determining that the option did not violate the rule against perpetuities because it could only be exercised during the lives of the grantees. We hold that limiting the exercise of the option to the lives of the grantees is a reasonable period of time.

Affirmed.