· Faye CASEY, et al. *v.* Donald J. CASEY and Jo Ann
CASEY

85-175                                           700 S.W.2d 46

Supreme Court of Arkansas
Opinion delivered December 9, 1985

396

*Boyett, Morgan & Millar, P.A.*, by: *Mike Millar*, for appellants.

*Peel & Eddy*, by: *David L. Eddy*, for appellees.

JACK HOLT, JR., Chief Justice. This case involves the interpretation of a restriction placed on a devise to appellee which, if violated, would shift the interest in the inheritance to appellants. The trial court held the restriction was invalid as an unreasonable restraint on alienation and too vague to be enforced and that appellee thus held the property in fee simple absolute. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(p).

Donald Casey, appellee, is the son of the testator, Fred Casey. The testator left $50.00 to each of six of his seven children and left the rest of his estate to appellee. In 1974, shortly before he died, the testator added a codicil which placed a restriction on appellee's inheritance. The appellee filed a petition to remove the cloud from the title in the Pope County Chancery Court on October 2, 1981 in which he sought to have the restriction declared void. The petition was challenged by appellants, who would take the property upon a violation of the restriction.

The testator's codicil stated in pertinent part:

> FIRST:. . .Karen Kim Casey is the daughter of Donald J. Casey. It is my will that Karen Kim Casey shall never own or possess as a tenant, nor be on as a guest for more than one week per each calendar year any of the real estate which I have devised to my son, Donald J. Casey.

> SECOND: It is my intent to create a defeasible estate in Donald J. Casey in the nature of, and conditional limitation over, or executory devise, with the fact of termination

depending upon the ownership or possession of Karen Kim Casey as set out above. It is my will that in the event Karen Kim Casey should ever own any part of the land which I heretofore bequeathed to Donald J. Casey or in the event she should ever possess said land as a tenant, or in the event she should ever be a guest on said land or any of it for more than one week of each calendar year, that the estate of Donald J. Casey immediately terminate as to that part of my real estate which I have devised and bequeathed to him and that said real estate shall immediately become the property of Sam Casey in fee simple absolute and to his heirs and assigns forever. It is further my will to create a vested estate in Sam Casey and his heirs in fee simple absolute in the nature of the interest created by a springing or shifting use.

We agree with the trial court that the restriction is invalid. The trial court based its ruling in part on a finding that the phrase "never own or possess as a tenant" was vague, in that it could be read two ways, depending on whether a comma is inserted after "own". We see no vagueness or ambiguity, particularly when reading the will as a whole, but we do agree with the chancellor and find that the restriction is an unreasonable restraint on alienation.

A direct restraint is "a provision which, by its terms, prohibits or penalizes the exercise of the power of alienation." *Broach* v. *City of Hampton*, 283 Ark. 496, 677 S.W.2d 851 (1984); L. Simes, *Law of Future Interests* 237 (1966). There are three types of direct restraints: disabling restraints, forfeiture restraints and promissory restraints. This case involves a forfeiture restraint, which "exists when, by the terms of an instrument of transfer, the estate will be subject to forfeiture on alienation or will be terminated." *Broach* supra; Simes supra. "In general, the courts adhere to the rule that all forfeiture restraints on the alienation of a legal fee simple interest in land are void. This rule operates to give full effect to the conveyance or devise except that the condition or limitation with respect to alienation is eliminated." *Broach* supra; Simes supra.

Restraints on alienation may be upheld if they are a reasonable means of accomplishing a legal and useful purpose.

The Restatement of Property § 406 provides:

> The restraint on the alienation of a legal possessory estate in fee simple which is, or but for the restraint would be, indefeasible is valid if, and only if,
>
> (a) the restraint is a promissory restraint or a forfeiture restraint, and
>
> (b) the restraint is qualified so as to permit alienation to some though not all possible alienees, and
>
> (c) the restraint is reasonable under the circumstances, and
>
> (d) if the restraint is a forfeiture restraint, the requirements of the rule against perpetuities are satisfied.

4 Restatement of Property § 406 (1944).

Comment a to § 406 further states:

> To uphold restraints on the alienation of such estates it must appear that the objective sought to be accomplished by the imposition of the restraint is of sufficient social importance to outweigh the evils which flow from interfering with the power of alienation or that the curtailment of the power of alienation is so slight that no social danger is involved.

This rule applies even when the restraint on alienation is slight.

All the circumstances of the conveyance should be considered in determining the reasonableness of the restraint. When present, the following factors support the conclusion that a restraint is unreasonable:

1. the restraint is capricious;

2. the restraint is imposed for spite or malice;

3. the one imposing the restraint has no interest in land that is benefited by the enforcement of the restraint;

4. the restraint is unlimited in duration;

5. the number of persons to whom alienation is prohibited is large.

Restatement § 406 comment i.

■ Applying these and other factors, we conclude that this restraint is unreasonable. The restraint did not protect any interest the testator had in the land while he was living, and only worked to keep his granddaughter off the land after his death. The duration of the restraint is limited to the lifetime of his granddaughter, who is 28, so it will likely remain for the entire period that appellee holds the land.

This is a case of first impression in Arkansas. In *Fleming* v. *Blount*, 202 Ark. 507, 151 S.W.2d 8 (1941), a forfeiture restraint was also at issue, but in that case we found the restraint was of short duration and served a worthwhile purpose. Further, the court held there that the testator's beneficiaries did not acquire fee simple title in the land. Therefore, that restraint was not contrary to any public policy and was valid. That case in no way suggests that a restraint such as the one before us now would be reasonable and does not offer precedent or guidelines for the situation now confronting us.

Here, there is no worthwhile purpose evident in this restraint; it appears to be capricious, and imposed for spite or malice. At trial, no one could explain why the testator harbored such animosity toward his granddaughter.

■ Though the restraint is limited directly to only one person, the appellee's daughter would be a natural heir of appellee, which makes the restraint more significant. Further, to find that a restraint is reasonable on this factor alone would lead to difficult and arbitrary line-drawing in determining when a limited number of restricted transferees is too many.

■ This restraint also had indirect effects which go beyond the direct restriction. "An *indirect* restraint on alienation, arises when an attempt is made to accomplish some purpose other than the restraint of alienability, but with the incidental result that the instrument, if valid, would restrain practical alienability." L. Simes and A. Smith, *The Law of Future Interests*, § 1112 (2d ed. 1956). This litigation was prompted by the suspension of royalties to appellee for a well drilled on the land by Essex

Exploration Company because of this cloud on the title. Thus, Essex's present posture is a clear example of a present and continuing restraint on practical alienability resulting from such a restriction.

For public policy reasons, some cases have held that provisions by which the acquisition or retention of property interests was made to depend on the separation of parent and minor child were illegal conditions. "A broader objection has appeared on occasion against any provision which tends to disrupt or interfere with family relations." *American Law of Property*, Vol. VI, § 27.19 (1974). Though this restraint does not require total separation of father and daughter, its obvious effect, if not purpose, is to interfere with family relations.

For these reasons, the restriction is invalid.

Affirmed.

PURTLE, J., not participating.