The Honorable Lonnie P. Clark State Representative P.O. Box 406 Berryville, AR 72616
Dear Representative Clark:
This is in response to your request for an opinion regarding the lease of a portion of property purchased by Newton County in 1974. As noted in your correspondence, the warranty deed contains a condition with respect to future conveyance of the property. The deed states: "This property is to remain the property of Newton County as a memorial to A. J. Harrison, and no part thereof is to be sold at any time." The question posed is whether a long-term least (of approximately thirty years) would violate this condition.
It is my opinion that the lease would not violate the condition, since the property would remain the property of Newton County and would, presumably, continue as a memorial to A. J. Harrison.
This is not to say, however, that the condition or limitation would otherwise be enforceable. It may be contended that the attempt to prevent the County's sale of this property or a portion thereof constitutes an unreasonable restraint on alienation and as such is void. The restraint in this instance appears to be in the nature of a disabling restraint, which is created where property is devised or conveyed with the limitation that it not be alienated. See Broach v. City of Hampton, 283 Ark. 496, 500,677 S.W.2d 851 (1984). (Citation omitted). The Arkansas Supreme Court has stated that disabling restraints are void, except for those restraints that are incidental to spend thrift trusts. Id.
It also appears, however, that Arkansas courts have been more reluctant to find an impermissible restraint on alienation where the instrument involved a grant of land to a governmental unit for a public purpose. See, e. g., Smedley v. City of Waldron,739 F.2d 399, 401 (8th Cir. 1984); State of Idaho v. Hodel, 814 F.2d 1288,1296 n. 7 (9th Cir. 1987). The public purpose of the grant appears to be the determinative factor. A factual question may therefore arise with respect to the nature and purpose of the grant. A statement by the United States Court of Appeals for the Eighth Circuit in a case involving the validity of a repurchase option also foreshadows an Arkansas court's potential willingness to hear evidence on the issue. The court stated the following in Roemhild v. Jones, 239 F.2d 492, 497 (8th Cir. 1957):
 If Arkansas permits reasonable restraints upon alienation, the parties should be permitted to develop evidence bearing upon the issue of the reasonableness of the restraint and whether the restraint was for a legitimate and reasonable purpose.
While the development of evidence in this instance may be essential to a conclusive resolution of the issue, it appears that an argument does exist in favor of the condition's invalidity insofar as it purports to prevent the county's sale of the property.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.