John Robert NASH et al. *v.*
Gerald A. SCOTT et al.

CA 97-1068                                        966 S.W.2d 936

Court of Appeals of Arkansas
Division IV
Opinion delivered April 29, 1998
[Petition for rehearing denied May 27, 1998.]

*J.R. Nash*, for appellants/cross-appellees.

*Eichenbaum, Liles, Heister & Bauman, P.A.*, by: *Paul B. Heister*, for appellees/cross-appellants.

JOHN MAUZY PITTMAN, Judge. The parties in this chancery case are tenants in common of a warehouse. Appellants filed a partition suit; appellees, as defendants, filed a response alleging that appellants waived their right to partition by including in their deed and sales agreement a repurchase option giving appellees a right of first refusal. At the hearing, appellants contended that the repurchase option violated the rule against perpetuities. The chancellor ruled that the rule-against-perpetuities argument was inapplicable and untimely, and that appellants had impliedly waived the right to partition by inclusion of the right of first refusal. From that decision, comes this appeal.

Appellants raise several arguments for reversal, but we need address only those that we find dispositive: that the chancellor

erred in ruling that their argument concerning the rule against perpetuities was not timely, and in ruling that the right of first refusal in the deed and sales agreement did not violate the rule against perpetuities.

We first address the timeliness question. Appellants, as plaintiffs below, filed this partition suit. Appellees, as defendants, filed answers alleging that appellants waived their right to partition by granting the right of first refusal. Appellants subsequently asserted that appellees' waiver argument was without merit because the right of first refusal upon which it was based violated the rule against perpetuities. The chancellor ruled that appellants' rule-against-perpetuities argument was untimely because it was not raised until trial. The chancellor erred in so ruling. Rule 12(b) of the Arkansas Rules of Civil Procedure, which governs the manner in which defenses must be presented, provides that defenses "shall be asserted in the responsive pleading thereto *if one is required,*" and, if no responsive pleading is required, a party "may assert at the trial any defense in law or fact." In the case at bar, appellants were not required to file a responsive pleading to the waiver defense alleged by appellees in their answers. *Garvan v. Potlatch Corp.*, 278 Ark. 414, 645 S.W.2d 957 (1983) (holding that a plaintiff is not required to respond to defenses). Although appellees referenced the sales agreement in their counterclaim, this reference was limited to the issue of attorney's fees and did not touch upon the waiver issue; consequently, appellants were not required by Ark. R. Civ. P. 8(c) to assert the rule against perpetuities as a defense to the counterclaim. Appellants did assert their rule-against-perpetuities argument at trial, which satisfies Rule 12(b), and we hold that the chancellor erred in ruling that the rule-against-perpetuities argument was untimely.

Appellants next contend that the chancellor erred in ruling that the repurchase option containing the right of first refusal did not violate the rule against perpetuities. We agree. Arkansas does not have a statute stating the rule against perpetuities but follows the common-law rule, which prohibits the creation of future interests or estates that by possibility may not become vested within the life or lives in being at the time of the effective date of the instrument and twenty-one years thereafter.

*Broach v. City of Hampton*, 283 Ark. 496, 677 S.W.2d 851 (1984). A repurchase option contained in a deed is subject to the rule against perpetuities. *Id.* In the case at bar, the deed granted to the parties, and their heirs and assigns forever, a right of first refusal to purchase the other's interest in the property. The agreement provides that the parties, or their heirs and assigns, can exercise the option over an unlimited number of years, and on the date the instrument was signed there existed the distinct possibility that the option would not be exercised until after expiration of the life or lives in being plus twenty-one years. The repurchase option therefore violated the rule against perpetuities, and the option is void. *Otter Creek Development Company v. Friesenhahn*, 295 Ark. 318, 748 S.W.2d 344 (1988); *see Broach v. City of Hampton, supra.*

Because the repurchase option is void, the chancellor erred in ruling that the repurchase option effected a waiver of appellants' right to partition. Because the chancellor's decree was premised on this error, and because we must reverse and remand for further consistent proceedings relative to appellants' partition suit, the remaining issues on appeal and cross-appeal are either moot or subject to revisitation on remand in the larger context of an accounting and need not be addressed in the present appeal.

Reversed and remanded.

ROGERS and NEAL, JJ., agree.